JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ted Bowman, appeals from his conviction in Berea Municipal Court for a zoning violation in Olmsted Falls. After many attempts, Bowman appeals and advances four assignments of error for our review, which are attached to this opinion as Appendix A. We cannot reach the merits of the appeal, however, because this case is dismissed for lack of a final appealable order.
 {¶ 2} Briefly, Bowman appealed his conviction and was assigned case number 84170 by this court. It was dismissed as untimely filed. Bowman filed a motion for leave to file a delayed appeal, and it was granted. This court then transferred the record and Bowman's brief from appeal number 84170 to appeal number 85066. Next, this court, sua sponte, remanded the record to the trial court because the final judgment entry, conviction, and sentence were not journalized by the clerk of court. The trial court created a new journal entry. This new journal entry, however, does not constitute a final appealable order, and the original conviction and sentence remain "un-journalized."
 {¶ 3} Crim.R. 32(C) requires that the judgment of conviction include the plea, the verdict or findings, the sentence, and the judge's signature and that it be journalized by the court. "In absence of a signed journal entry reflecting the court's ruling as to each charge, the ruling of the trial court is interlocutory." State v. Brown (1989),59 Ohio App.3d 1, 4.
 {¶ 4} Here, in handwritten notations on the case jacket, titled Journal Entry, the trial court noted that Bowman was found guilty of a zoning violation and imposed a fine and sentence; the court then partially suspended the fine and sentence in order for Bowman to comply with the building department. The journal entry was signed by the judge; however, the jacket fails to bear any evidence that it was filed with the clerk. See, also, State v. Guy (Oct. 5, 2000), Ashland App. No. 99-COA-01330. "A judgment is effective only when entered on the journal by the clerk." Crim.R. 32(C). Hence, this court remanded the record to the trial court to have it journalized.
 {¶ 5} Upon remand, the trial court created a new journal entry. The new journal entry does not include the verdict or the sentence; it simply indicates that Bowman was found noncompliant at a hearing and he is "to serve/pay as sentenced." Crim.R. 32(C) reflects the axiom that "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minutes or memorandum." State ex rel. Hanley v. Roberts
(1985), 17 Ohio St.3d 1, 4. The new entry references the original entry that was not journalized. Furthermore, the new entry cannot be substituted for the original because it fails to indicate the verdict and sentence; therefore, neither entry is a final appealable order. The trial court should have journalized the original handwritten journal entry or created a new entry that included the verdict, the sentence, and the judge's signature and then have that entry journalized.
 {¶ 6} This case is dismissed for lack of a final appealable order.
Appendix A
"I. The trial court erred to the prejudice of the defendant in overruling defendant's oral motion to dismiss the complaint during trial for want of jurisdiction."
"II. The trial court erred to the prejudice of the defendant in overruling defendant's oral motion made during trial to dismiss the complaint for failure to charge an offense."
"III. The trial court erred to the prejudice of the defendant in overruling defendant's motion to arrest judgment."
"IV. The evidence is legally insufficient to support the conviction."[1]
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Sweeney, J., concur.
[1] This court notes that the videotape provided by the trial court did not include the trial.