JOURNAL ENTRY and OPINION
{¶ 1} Defendant appeals from his conviction and sentence for possession of cocaine and possession of crack cocaine. He argues that the court erred by imposing the maximum sentence of one year imprisonment for possession of cocaine. The court's judgment is not final. Therefore, we must dismiss this appeal.
 {¶ 2} Appellant was charged in a two-count indictment filed September 20, 2004, with possession of cocaine in an amount less than five grams, and possession of crack cocaine in an amount less than one gram. At a hearing held February 9, 2005, he entered a no contest plea to both of these charges, as well as two charges in another case. The court found him guilty of drug possession as charged in both counts in this case. It then sentenced him to one year of imprisonment on the first count, with credit for time served, "and the sentences are suspended on the rest of the counts."
 {¶ 3} The court only imposed sentence on one of the two charges upon which appellant was found guilty in this case.[1] Crim.R. 32(C) imposes a mandatory duty to set forth the plea, verdict or finding, and sentence for each and every charge prosecuted. "[A] trial court's ruling is not a final appealable order when there is no sentence imposed for a charge for which there is a finding of guilty." State v. Connor (Oct. 31, 1996), Cuyahoga App. No. 70057; also see State v. Collins
(Oct. 18, 2001), Cuyahoga App. No. 79064. Therefore, we must dismiss this appeal.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and Blackmon, J., concurs.
[1] Although the court stated that it was suspending sentence on the remaining counts, the court obviously cannot suspend a sentence that has not been imposed. Also cf. State v. Smith
(1989), 42 Ohio St.3d 60 ("the courts of common pleas `do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.'")