OPINION
{¶ 1} Defendant, Christopher Reid, appeals from the judgment of the Xenia Municipal Court denying his motion to seal the record of his conviction for attempted sexual imposition.
 {¶ 2} On May 3, 2001, upon acceptance of his no contest plea, Defendant was found guilty of attempted sexual imposition in violation of R.C. 2923.02 and 2907.06. The trial court sentenced Defendant to a suspended thirty day jail term and placed him on probation for two years.
 {¶ 3} On May 10, 2004, Defendant filed a motion pursuant to R.C. 2953.32(A), asking the court to seal the record of his conviction. A hearing on that motion was held on December 7, 2004. On February 3, 2005, the trial court denied Defendant's motion. The court's judgment entry, in its entirety, states:
 {¶ 4} "This cause came before the Court on a Motion for Expungement filed in this case on December 7, 2004. Present in court were Christopher M. Reid and his Counsel, Steven T. Pierson.
 {¶ 5} "The Court reviewed the paperwork in this case and considered carefully whether the expungement of this record should be granted.
 {¶ 6} "The Court solicited input as well from the detective involved in this case and the probation officer that was assigned to Mr. Reid. The Court's concern, as well as the detective's, is with the age of the victim.
 {¶ 7} "The probation officer indicated that the Defendant had done well on probation and had completed the required treatment.
 {¶ 8} "After careful consideration, the Court does not feel that this is the kind of offense for which the Court should grant expungement. The Court therefore declines to do so.
 {¶ 9} "IT IS SO ORDERED."
 {¶ 10} Defendant timely appealed to this court from the trial court's judgment denying his motion to seal the record of his conviction. Defendant presents two assignments of error, the first of which states:
 {¶ 11} "THE DECISION OF THE TRIAL COURT SHOULD BE REVERSED BECAUSE THE JUDGE BASED HER DECISION AT LEAST IN PART ON EX PARTE DISCUSSIONS WITH INDIVIDUALS WHO APPELLANT WAS UNABLE TO CROSS EXAMINE; THE EXPUNGEMENT HEARING WAS THUS FUNDAMENTALLY UNFAIR."
 {¶ 12} Defendant argues that he was denied procedural due process because the trial court based its decision in part upon ex parte discussions that it had with the investigating detective in Defendant's case and Defendant's probation officer, who did not attend the expungement hearing. Therefore, Defendant was denied an opportunity to confront and cross-examine those witnesses or challenge the adverse evidence they provided.
 {¶ 13} A more dispositive issue exists in this case, however. R.C. 2953.36(B) provides that the relief made available by R.C.2953.31 to 2953.35 do not apply to convictions under R.C.2907.06. Defendant sought relief pursuant to R.C. 2953.32(A). Accordingly, having been convicted of an attempted violation of R.C. 2907.06, Sexual Imposition, Defendant was not eligible as a matter of law to have the records of his conviction sealed or expunged. The assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 14} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT DENIED THE EXPUNGEMENT MOTION."
 {¶ 15} Our disposition of the first assignment of error renders Defendant's second assignment of error moot, and therefore we need not address it. App.R. 12(A)(1)(c). The judgment of the trial court will be affirmed.
Brogan, J. and Fain, J., concur.
 FINAL ENTRY
Pursuant to the opinion of this court rendered on the _________ day of ____________, 2006, the judgment of the trial court is Affirmed. Costs are to be paid as provided in App.R. 24.