DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. The jury found Tammy L. Sandlin, defendant below and appellant herein, guilty of tampering with evidence in violation of R.C. 2921.12(A)(2), and forgery in violation of R.C. 2913.31(A)(3). Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN PROHIBITING HER CROSS-EXAMINATION OF THE CHIEF COMPLAINING WITNESS ON MATTERS BEARING UPON MOTIVE, MISTAKE AND, ULTIMATELY, CREDIBILITY, THEREBY DENYING TO HER THE RIGHT TO CONFRONT HER ACCUSER, A RIGHT GUARANTEED UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."
SECOND ASSIGNMENT OF ERROR:
"THE CUMULATIVE EFFECT OF THE ERRORS OF THE TRIAL COURT IN RESTRICTING THE DEFENDANT'S CROSS-EXAMINATION OF THE CHIEF COMPLAINING WITNESS AND IN RELATED RULINGS ON THE ADMISSION OF EVIDENCE, DENIED TO THE DEFENDANT A MEANINGFUL OPPORTUNITY TO PRESENT A COMPLETE DEFENSE."
THIRD ASSIGNMENT OF ERROR:
"THE DEFENDANT'S CONVICTION UPON COUNT TWO OF THE INDICTMENT IS VOID AB INITIO FOR THE REASON THAT THE WORDS CONTAINED IN COUNT TWO ARE INSUFFICIENT TO GIVE NOTICE OF ALL OF THE ELEMENTS OF AN OFFENSE UNDER EITHER THE SUBSECTION SPECIFIED IN THE INDICTMENT, 2913.31(A)(3), OR ANY OTHER SUBSECTION OF THE FORGERY STATUTE."
 {¶ 2} Appellant retained attorney Jeffrey Hoskins in 1994 to represent her in a divorce. After a number of years, appellant agreed to perform secretarial work at Hoskins's law practice to satisfy his legal fees. Four years later, appellant became Hoskins's full-time secretary and, after Hoskins's judicial election in 2002, followed him to the Common Pleas Court.
 {¶ 3} Due to budget problems in 2005, various Highland County department heads discussed ways to either increase revenue or to decrease expenses. One proposal involved collecting court costs that were assessed, but not collected, in various court cases. Subsequently, the Clerk of Courts generated a list of court cost debtors who owed in excess of $300. Appellant happened to be included in that list as a result of her divorce case.
 {¶ 4} Soon thereafter, appellant received a court cost bill at her courthouse office. Appellant then questioned her liability for those costs and asked to see the court file. Appellant reviewed the file and returned it the same day. Afterward, appellant claimed that a mistake had occurred with respect to the magistrate's decision and a judgment entry that adopted that decision. Specifically, a February 11, 2000 entry stated that the trial court approved a prior magistrate's decision and, as part of that decision, ordered Tammy Lykins (appellant) to pay court costs. However, the magistrate's decision on which that judgment was based read differently. The original (printed) version of the decision comported with the judgment and specified that the "plaintiff" should pay the costs;[1] however, the printed word "plaintiff" in the magistrate's decision had a line drawn through it and the word "parties" hand-written in its place. Further, the initials "C.W." (Cynthia Williams served as the Magistrate) appeared above the interlineation. Appellant contended that the trial court's judgment incorrectly reflected the magistrate's decision regarding the allocation of costs, and that if costs had been equally divided (as noted on the interlineated version of that decision), she would no longer be liable for court costs.
 {¶ 5} The Clerk's office forwarded the file to Magistrate Williams for review. Williams recognized that the interlineation and initials were not in her handwriting and she contacted counsel who represented appellant's ex-husband and asked to see his copy of the 1999 decision.[2] That copy showed the original assessment of costs to appellant without any interlineation. Williams then reviewed the 1999 hearing tape and confirmed that the court ordered appellant to pay costs. After confronting appellant, and after speaking with Judge Hoskins, Magistrate Williams contacted the authorities.
 {¶ 6} On June 7, 2005, the Highland County Grand Jury returned an indictment charging appellant with tampering with evidence in violation of R.C. 2921.12(A)(2), and forgery in violation of R.C. 2913.31(A)(3). She pled not guilty to both charges and the matter came on for jury trial. At trial, Magistrate Williams testified that the initials and interlineation on the 1999 decision were not hers. She further related that when she confronted appellant and told her that the changes on the magistrate's decision were not her handwriting, appellant blurted out "its not my writing" and offered to "go pay the court costs" right then. Deputies Carol Ann Purvis and Keith Brown testified that they processed appellant through the Sheriff's Office after her indictment and she, in essence, confessed to the crimes and claimed that Judge Hoskins gave her "permission" to alter the document.
 {¶ 7} For her part, appellant denied that she altered the magistrate's decision and denied making the comments attributed to her by Deputies Purvis and Brown. Appellant further testified that some of Magistrate Williams's testimony was inaccurate.
 {¶ 8} At the conclusion of the trial, the jury found appellant guilty on both counts. The trial court sentenced appellant to serve thirty days in the county jail, a $1,100 fine and five years of community control. This appeal followed.
 {¶ 9} Before we review the merits of the assignments of error, we must first address a threshold jurisdictional problem. Courts of appeals in Ohio have appellate jurisdiction over "final appealable orders." Section 3(B)(2), Article IV of the Ohio Constitution. If a judgment appealed is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. See Davison v. Reni (1996),115 Ohio App.3d 688, 692, 686 N.E.2d 278; Prod. Credit Assn. v. Hedges (1993),87 Ohio Ap.3d 207, 210, 87 Ohio App.3d 207, 621 N.E.2d 1360;Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501,617 N.E.2d 701. Furthermore, appellate courts are required to raise those issues sua sponte. See In re Murray (1990), 52 Ohio St.3d 155,159-160, 556 N.E.2d 1169, at fn. 2; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.
 {¶ 10} In the case sub judice the trial court failed to either (1) enter a separate judgment on the jury verdicts or (2) recite those verdicts in the sentencing entry. Crim.R. 32(C) states that "[a] judgment of conviction shall set forth the plea,the verdict or findings, and the sentence . . ." (Emphasis added.) Pursuant to this rule, the final order in a criminal case sets forth, inter alia, the verdict. State v. Rich, Lucas App. Nos. L-04-1102 L-04-1103, 2004-Ohio-5678. Thus, a judgment that does not set forth the verdict or the court's findings is neither final, nor appealable.
 {¶ 11} Although this problem most frequently arises with judgments that do not include a trial court's disposition (i.e. sentence), see e.g. State v. Phipps, Portage App. No. 2006-P-32, 2006-Ohio-3545, at ¶ 3; State v. Brown, Cuyahoga App. No. 86128, 2006-Ohio-152, at ¶ 3; State v. Garner,
Trumbull App. No. 2002-T-2-5, 2003-Ohio-5222, at ¶ 7, judgments that fail to set forth the verdict, or a court's findings of guilt, are likewise interlocutory. See e.g. State v. Frazier,
Medina App. No. 05CA64-M, 2006-Ohio-3334, at ¶¶ 11-12; OlmstedFalls v. Bowman, Cuyahoga App. No. 85066, 2005-Ohio-2459, at ¶¶5-6; Lakewood v. Dietz, Cuyahoga App. No. 80621, 2002-Ohio-4424, at ¶ 2. For example, in State v. Taylor,
Mahoning App. No. 01-CA-64, 2002-Ohio-4175, at ¶ 13-18, the court wrote:
"As a preliminary matter to any appeal, we are required to review jurisdictional issues involving final appealable orders sua sponte. If we find that we lack jurisdiction, we must dismiss the appeal. See In re Murray (1990), 52 Ohio St.3d 155, 160 at fn. 2, 556 N.E.2d 1169; Whitaker-Merrell v. Guepel Co (1972),29 Ohio St.2d 184, 186, 280 N.E.2d 922.
Crim. R. 32(C) states:
`A judgment of conviction shall set forth the plea, the verdict of findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.'
In the case under review, the Youngstown Municipal Court used the case file envelope, which is about the same size as a Uniform Traffic Ticket, as its journal. The case file envelope has printed on it in bold letters the words `JOURNAL ENTRY.' As the trial court has clearly identified the case file envelope as its journal entry our first task as a reviewing court is to determine whether the journal entry constitutes a final order pursuant to Crim.R. 32(C). While the court has not chosen the preferred manner of docketing, it is the content of the trial court's journal entries which we are called upon to review.
As earlier discussed, there is a journal entry on January 17, 2001, noting that there was a Crim.R. 11 plea agreement pending. Although there are vague indications in the record that two of the three counts against Appellant were dropped, there is no indication in the record as to how Appellant pleaded to the remaining charge, driving while under suspension. Also, althoughit is obvious that the trial court found Appellant guilty of thisremaining charge (because a sentence for that charge wasimposed), Crim.R. 32(C) requires that the verdict itself berecorded in the court's journal. Without the journalization ofthis information, there is no judgment of conviction pursuant toCrim.R. 32(C), and therefore, no final appealable order. A court of appeals is limited to reviewing final appealable orders as defined by statute. Chef Italiano Corp. v. Kent StateUniversity (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; R.C. § 2953.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Davison v. Rini (1996),115 Ohio App.3d 688, 692, 686 N.E.2d 278.
Procedurally, we must point out that simply because we must dismiss this appeal does not mean that Appellant can never appeal his conviction if he so desires. Sup.R. 7(A) requires the trial court to journalize its judgment within thirty days. If no journalized entry is forthcoming after this case is remanded to the trial court, `either party to an action may file a writ of mandamus of a writ of procedendo in an appellant court to compel the trial court to journalize its judgment if the court fails to do so within the thirty-day period mandated by Sup.R.7. The judgment would then become a final appealable order on the date of journalization, no matter how delayed.' Cleveland v.Trzebuckowski (1999), 85 Ohio St.3d 524, 527, 709 N.E.2d 1148." (emphasis added)
 {¶ 12} We acknowledge that in the case at bar, it may be obvious that the jury found appellant guilty of tampering with evidence and forgery. However, our review of the file reveals no judgment entered on the verdicts nor any entry setting forth those verdicts. We also find no mention of those verdicts in the sentencing entry.[3] In the absence of a judgment that sets forth those verdicts, as Crim.R. 32(C) requires, we conclude that no final appealable order exists in this case and that we lack jurisdiction to review the appeal. Consequently, we hereby dismiss the appeal.[4]
Appeal Dismissed.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee and appellant equally share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. McFarland, J.: Concur in Judgment Opinion
[1] Appellant was the plaintiff in the divorce action against her ex-husband.
[2] Magistrate Williams also asked Judge Hoskins if she could see the copy of the decision from his file, but the Judge closed his law office before coming on the bench and returned all files to his ex-clients.
[3] The trial court's sentencing entry does mention that appellant "has been convicted of" tampering with evidence and forgery, but this is not the same as setting forth "the verdict." Strict compliance with Crim.R. 32(B) is required. See State v.Lovelace (Jan. 15, 1999), Hamilton App. No. C-970983; State v.Klein (Dec. 4, 1998), Hamilton App. No. C-970788. Thus, a trial court must actually specify that a jury has rendered a guilty verdict.
[4] Once an entry is filed that complies with Crim.R. 32(C), the parties may submit the matter on the same briefs as were filed herein and we will consider the case in an expedited fashion.