DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, James Nelson, appeals the decision of the Wayne County Court of Common Pleas, which denied his motion to suppress. This Court finds that we do not have jurisdiction to hear this appeal.
 I. {¶ 2} Appellant was one of two passengers in a vehicle driven by Tony Long on the evening of February 8, 2005. The vehicle was stopped by Officer McConnell of the Wooster Police Department for speeding. Two other officers *Page 2 {¶ 3} Long was taken into custody when Officer McConnell learned that he had a suspended driver's license. As Long was searched, Officer McConnell found marijuana in his pocket. After finding the drugs, appellant and the other passenger were told to exit the vehicle. Once they exited the vehicle, appellant and the other passenger were searched, but no drugs were found on either passenger.
 {¶ 4} Officer McConnell then searched the vehicle and found a crack pipe on the front floorboard near where appellant was sitting. Officer McConnell then questioned appellant about the pipe without issuing a warning pursuant to Miranda v. Arizona (1966), 384 U.S. 436. Appellant admitted to using the pipe previously, but said that the pipe did not belong to him.
 {¶ 5} Appellant was indicted by the Wayne County Grand Jury on one count of possession of drugs in violation of R.C. 2925.11. Appellant initially pled not guilty to the charge and filed a motion to suppress. A hearing was held on appellant's motion and the trial court denied the motion. Appellant changed his plea from not guilty to no contest. The trial court accepted appellant's no contest plea and sentenced him accordingly. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO SUPPRESS ALL EVIDENCE FLOWING FROM THE DETENTION AND QUESTIONING OF APPELLANT WHICH WAS CONDUCTED IN VIOLATION OF THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND IN VIOLATION OF ARTICLE 1, SECTION 14
OF THE OHIO CONSTITUTION." *Page 3 
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress because the circumstances under which he was questioned constituted a custodial interrogation. For the reasons set forth below, this Court finds that we do not have jurisdiction over this appeal.
 {¶ 7} Crim.R. 32(C) says, in pertinent part, "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." The rule clearly requires that the judgment include the finding of the court if there is no jury verdict. In this case, appellant pled no contest during a pre-trial hearing. On May 12, 2006, the trial court filed a journal entry stating, in relevant part: "The Court finds that the defendant has entered a plea of no contest to Possession of Drugs, a Felony of the 5th Degree, in violation of R.C. 2925.11" However, the court did not enter a finding of guilt.
 {¶ 8} This Court finds that the trial court's May 12, 2006 journal entry does not satisfy the requirements of Crim.R. 32(C), and that the trial court has therefore not issued a final appealable order. Consequently, this Court finds that we do not have jurisdiction over this appeal. State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353
at ¶¶ 11, 16. *Page 4 
 III. {¶ 9} Because this Court lacks jurisdiction to hear this appeal, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 WHITMORE, P. J. MOORE, J. CONCUR *Page 1