DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Municipal Court judgment of conviction and sentence. Chad L. Fitzpatrick, defendant below and appellant herein, was found guilty of criminal damaging in violation of R.C. 2909.06.
 {¶ 2} Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT AND ABUSED ITS DISCRETION IN SENTENCING DEFENDANT TO JAIL." *Page 2 
 {¶ 3} In the early morning hours of June 10, 2006, appellant patronized the "Whiskey River Saloon" when Todd Gillum, who "worked the door" that evening, confronted him about his behavior. Appellant soon left the bar and then scratched Gillum's truck with a rock causing over $950 in damage. Subsequently, appellant was apprehended and charged with criminal damaging.
 {¶ 4} At his bench trial Gillum testified and provided his version of the events. Appellant also testified and denied that he damaged Gillum's truck. At the conclusion of the trial, the trial court found appellant guilty and scheduled a sentencing hearing. Subsequently, the trial court imposed a thirty day jail sentence and a $250 fine. This appeal followed.
 {¶ 5} Before we review the merits of appellant's assignment of error, we first address a threshold jurisdictional issue. Courts of appeals have appellate jurisdiction over "final appealable orders." Section3(B)(2), Article IV of the Ohio Constitution. If the judgment appealed does not constitute a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed.Davison v. Reni (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278;Prod. Credit Assn. v. Hedges (1993), 87 Ohio Ap.3d 207, 210,87 Ohio App.3d 207, 621 N.E.2d 1360; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701. Additionally, if the parties do not raise jurisdictional issues on appeal, courts are required to sua sponte raise the issue. In re Murray (1990), 52 Ohio St.3d 155, *Page 3 
159-160, 556 N.E.2d 1169, at fn. 2; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.
 {¶ 6} Here, our concern centers around the trial court's failure to restate the finding of guilt in the judgment of conviction. The September 15, 2006 "Judgment Entry Plea and Sentence" provides:
 "On hearing on the charge against the defendant on a violation of Ohio Revised Code Section 2909.06 CRIM. DAMAGES, and after explaining to defendant the rights being waived, the defendant entered a plea of Ng to the charge which plea the Court accepts, (and the Court issues a finding of). The Court sentenced the defendant as follows:"[1]
Although this entry provided a space for the court to enter a "guilty" finding, no finding was inserted into that blank.
 {¶ 7} Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." (Emphasis added.) Pursuant to this rule, a final order in a criminal case must set forth, inter alia, a verdict or finding of guilt.State v. Sandlin, Highland App. No. 05CA23, 2006-Ohio-5021, at ¶ 10;State v. Rich, Lucas App. Nos. L-04-1102 L-04-1103, 2004-Ohio-5678. Thus, a judgment that does not set forth a verdict or the trial court's finding of guilt is neither final nor appealable. Sandlin, supra at ¶ 10; State v. Nelson, Wayne App. No. 06CA40, 2007-Ohio-1481, at ¶¶ 7-8.
 {¶ 8} Although this problem most frequently arises with judgments that do not include a trial court's disposition (i.e. *Page 4 
sentence), see e.g. State v. Phipps, Portage App. No. 2006-P-32,2006-Ohio-3545, at ¶ 3; State v. Brown, Cuyahoga App. No. 86128,2006-Ohio-152, at ¶ 3; State v. Garner, Trumbull App. No. 2002-T — 25,2003-Ohio-5222, at ¶ 7, judgments that fail to set forth the verdict, or a court's findings of guilt, are likewise interlocutory. See e.g.State v. Frazier, Medina App. No. 05CA64-M, 2006-Ohio-3334, at ¶¶ 11-12; Olmsted Falls v. Bowman, Cuyahoga App. No. 85066,2005-Ohio-2459, at ¶¶ 5-6; Lakewood v. Dietz, Cuyahoga App. No. 80621, 2002-Ohio-4424, at ¶ 2; State v. Taylor, Mahoning App. No. 01-C.A.-64, 2002-Ohio-4175, at ¶ 17.
 {¶ 9} In the case sub judice, the trial court did not enter a finding of guilt in its September 15, 2006 judgment of conviction and that entry is neither final nor appealable. Thus, we have no jurisdiction to consider this appeal. We acknowledge that the July 17, 2006 entry did include a finding of guilt, but this is insufficient to cure the defect in the September 15, 2006 entry. Crim.R. 32(C) refers to a "judgment of conviction" in the singular; it does not refer to multiple judgments that, taken together, may comply with the rule. Moreover, as our colleagues on the Ninth District Court of Appeals have noted, the rule does not allow an appellate court to cull through "the entire record or review multiple journal entries" to ensure that each requirement from Crim.R. 32(C) has been met. See State v. Miller, Medina App. No. 06CA0046-M, 2007-Ohio-1353, at ¶ 10.
 {¶ 10} Again, in the case at bar the July 17, 2006 entry sets forth a finding of guilt, but does not include a sentence. The *Page 5 
September 15, 2006 entry sets forth a sentence, but does not include a finding of guilt. Until a single judgment complies with Crim.R. 32(C), we do not have jurisdiction to consider the appeal and the instant appeal must be dismissed.[2]
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
[1] The extra spaces set out in this quote appear in the original document.
[2] After a judgment entry is filed that complies with Crim.R. 32(C), the parties may, if they so desire, re-submit this case on the same briefs and we will consider that appeal as quickly as possible. See, also, State v. Sandlin, Highland App. No. 05CA23, 2006-Ohio-5021. *Page 1