DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Marietta Municipal Court's denial of Appellant's application to seal his record, brought pursuant to R.C. 2953.32. On appeal, Appellant asserts that (1) the trial court erred in applying the terms of R.C. 2953.36(B) to deny his petition to seal his record of conviction; and (2) the trial court's failure to include any description of the crime of which Appellant was convicted invalidates his conviction and sentence. Because we find that the judgment entry related to Appellant's *Page 2 
underlying conviction for sexual imposition satisfies the requirements of CrimR. 32(A), we find no merit to Appellant's second assignment of error. Further, because Appellant was convicted of the crime of sexual imposition, which is a crime ineligible for expungement under R.C. 2953.36(B), we cannot sustain his first assignment of error. Accordingly, we affirm the judgment of the trial court.
 FACTS {¶ 2} A review of the record reveals that Appellant was charged with one count of sexual imposition, in violation of R.C. 2907.06, a third degree misdemeanor, on March 23, 2000, via a complaint filed and labeled as case number 00CRB585-1 in the Marietta Municipal Court. On August 29, 2000, a Judgment Entry with Probation Terms and Acceptance was filed in case number 00CRB585-1, indicating that Appellant had entered a plea of no contest, had been found guilty, and was sentenced to thirty days in jail and a fine of $ 100.00. The judgment entry was signed by the judge and was journalized on August 29, 2000.
 {¶ 3} Subsequently, on October 16, 2007, Appellant filed an application to seal his criminal record pursuant to R.C. 2953.32. The application stated that Appellant sought expungement of the charge of sexual imposition, R.C. 2907.06, case number OOCRB585-1, the date of *Page 3 
conviction for which was August 29, 2000. Finally, on February 12, 2008, the trial court filed a judgment entry nunc pro tunc denying Appellant's application to seal his criminal record, pursuant to R.C. 2953.36(B). It is from the denial of this application that Appellant now brings his current appeal, assigning the following errors for our review.
 ASSIGNMENTS OF ERROR {¶ 4} "I. THE TRIAL COURT ERRED IN APPLYING THE TERMS OF OHIO REVISED CODE SECTION 2953.36(B) TO DENY THE APPELLANT'S PETITION TO SEAL HIS RECORD OF CONVICTION.
 {¶ 5} II. THE TRIAL COURT'S FAILURE TO INCLUDE ANY DESCRIPTION OF THE CRIME OF WHICH THE APPELLANT WAS CONVICTED INVALIDATES HIS CONVICTION AND SENTENCE."
 LEGAL ANALYSIS OF ASSIGNMENTS OF ERROR {¶ 6} For ease of analysis, we will address Appellant's assigned errors out of order. In his second assignment of error, Appellant contends that the trial court's failure to include any description of the crime of which Appellant was convicted invalidates his conviction and sentence. Specifically, Appellant raises two issues for review under this assignment of error. First, Appellant questions whether the trial court's failure to include any recitation identifying the crime for which Appellant was convicted nullifies its judgment entry of conviction, voiding Appellant's misdemeanor *Page 4 
conviction. Second, Appellant questions whether, if his conviction is void, the two year statute of limitations applicable to misdemeanors has run, thus making it impossible for the State to prosecute any further case. Appellee, on the other hand, contends that the trial court's August 29, 2000, judgment entry complied with the requirements of CrimR. 32(C), is a valid judgment and asserts, relying on State v.Varholic, Cuyahoga App. No. 89627, 2008-Ohio-962, that the recitation of the specific code section violated is not required. Based upon the specific facts presently before us, we agree with Appellee.
 {¶ 7} Initially, we address the threshold issue of whether the judgment entry for the underlying conviction which Appellant now seeks to expunge was a final, appealable order. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See General Acc. Ins. Co. v. Insurance Co. of NorthAmerica (1989), 44 Ohio St.3d 17, 20; Noble v. Colwell (1989),44 Ohio St.3d 92. In the event that the parties to the appeal do not raise the jurisdictional issue, the reviewing court must raise it sua sponte. SeeIn re Murray (1990), 52 Ohio St.3d 155, 159, fn. 2; Chef *Page 5 Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus;Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186.
 {¶ 8} CrimR. 32(C) governs imposition of sentence and requires the following with respect to judgments of conviction:
 "(C) Judgment[.] A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
Thus, in order to satisfy Crim. R. 32(C), a judgment entry must to contain Appellant's plea, the court's verdict, the sentence, and must be signed by the judge and journalized by the clerk. See State v.Lupardus, Washington App. No. 07CA46; State v. Johnson, Scioto App. No. 06CA3066, 2007-Ohio-1003; State v. Sandlin, Highland App. No. 05CA23,2006-Ohio-5021; State v. Fox, Highland App. No. 04CA15, 2005-Ohio-792; See, also, State v. Baker, ___ N.E.2d ___, 2008 WL 2714237 (where the Supreme Court of Ohio held "that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court.") . If a trial court does not comply with CrimR 32(C), then the judgment is not a final, appealable order. Id.; State v. Thivener (June 1, 2000), Gallia App. No. 99CA13, citing State v. Taylor (May 26, 1995), *Page 6 
Adams App. No. 94CA585. See, also, State v. Brown (1989),59 Ohio App.3d 1; State v. Gales, Cuyahoga App. No. 79922, 2002-Ohio-1660.
 {¶ 9} Despite Appellant's arguments to the contrary, we believe that the judgment entry complied with CrimR. 32(C) and is a valid judgment. Here, the judgment entry shows that in case number 00CRB585-1, which contained only one charge, that being sexual imposition, in violation of R.C. 2907.06, Appellant entered a plea of no contest and the trial court found him guilty and sentenced him to thirty days in jail and a fine of $100. The judgment was signed by the judge and journalized by the clerk. Because the entry contains the plea, verdict, sentence, signature of the judge, and was journalized by the clerk, the entry complies with Crim. R. 32(C).
 {¶ 10} Appellant argues that because the judgment entry did not specifically state the crime committed or the code section violated, that it did not comply with Crim. R. 32(C). Appellee counters by arguing that the entry need not include the specific code section violated. We recently considered similar arguments in State v. Lupardus, supra. InLupardus, we held that the judgment entry at issue did not comply with Crim. R. 32(C) because it did not specify which section of R.C. 4511.19
was violated and did not indicate what happened to the second OVI. However, in Lupardus, unlike the present case, there were multiple charges pending at the time of disposition. *Page 7 
It was unclear to which of the charges the appellant had pled and what happened to the remaining charge. Based upon those facts, we determined that the judgment entry did not comply with CrimR. 32(C) and therefore was not a final, appealable order.
 {¶ 11} The present case is factually distinguishable fromLupardus in that here, there was only one charge brought against Appellant, and that was for sexual imposition. Appellant was charged with the single crime of sexual imposition, a misdemeanor of the third degree, in violation of R.C. 2906.07. Although Appellant suggests that he may have entered a plea to a lesser offense, such a conclusion would be mere speculation and there is no evidence in the record to suggest that this was the case. Although the better practice would have been for the trial court to specifically state the crime for which Appellant was entering a plea, we can glean from the record[1] that the plea was to the only pending charge, sexual imposition, not sexual battery or persistent disorderly conduct, as suggested by Appellant. See, generally, State v. Miller, Medina App. No. 06CA0046-M, 2007-Ohio-1353. Thus, we answer the first question presented by Appellant in the negative. Because we find that the judgment entry is a valid judgment, there is no need to *Page 8 
address the second issue raised under Appellant's second assignment of error. Accordingly, we find no merit in Appellant's second assignment of error.
 {¶ 12} We next address Appellant's first assignment of error. In his first assignment of error, Appellant contends that the trial court erred in applying the terms of R.C. 2953.36(B) to deny his petition to seal his record of conviction. Appellant asserts that the specific issue for review is whether the trial court's failure to include any mention of the crime for which he was ultimately convicted in its judgment entry would allow the court to seal his record of conviction, since, as Appellant asserts, it is unclear which crime the court convicted him of committing.
 {¶ 13} We have already determined, in connection with our analysis of Appellant's second assignment of error, that the trial court, in case number 00CRB585-1, found Appellant guilty of sexual imposition, in violation of R.C. 2907.06. R.C. 2953.32 governs the sealing of criminal records for first time offenders and provides that "* * * a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record." However, R.C. 2953.36 "Convictions precluding sealing" provides that "Sections 2953.31
to 2953.35 of the Revised Code do *Page 9 
not apply to any of the following: * * * (B) Convictions under section * * * 2907.06 * * *."
 {¶ 14} Thus, R.C. 2953.36(B) is dispositive of Appellant's first assignment of error as "the relief made available by R.C. 2953.31 to2953.35 [does] not apply to convictions under R.C. 2907.06." State v.Reid, Greene App. No. 2005CA0028, 2006-Ohio-840. Having been convicted of a violation of RC. 2907.06, sexual imposition, Appellant was not eligible, as a matter of law, to have the records of his conviction sealed or expunged. Id. Accordingly, Appellant's first assignment of error is overruled and the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
[1] In State v. Baker, supra, the Supreme Court of Ohio disapproved of the Ninth District Court's refusal to "search the record" to determine what plea a defendant has entered, explaining that such a refusal may place defendant's in limbo, forcing them to "seek mandamus or procedendo for a trial court to prepare a new entry." ¶ 14.