JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Tony Crawford ("Crawford"), appeals the trial court's denial of his motion to suppress. For the following reasons, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} In 2007, Crawford was charged in a four-count indictment with two counts of drug trafficking and one count each of possession of drugs and possessing criminal tools. He moved to suppress the evidence seized in the case. The trial court held a hearing and denied his motion. Crawford pled no contest, and the court found him guilty of each count. At the sentencing hearing, the trial court stated that it was suspending Crawford's sentence on count four of the indictment, which was for possessing criminal tools. The court then sentenced Crawford to two years in prison on counts one, two, and three and ordered those sentences to run concurrent. The court's sentencing journal entry also indicated that the court was suspending Crawford's sentence for possessing criminal tools and sentencing him to a total of two years in prison for counts one through three.
 {¶ 3} Crawford filed his notice of appeal and assigned one error for our review in which he argues that the trial court erred in denying his motion to suppress. We remanded the case to the trial court for correction pursuant to App. R. 9(E), which prescribes the manner for correcting or modifying the lower court record. We noted that the trial court's sentencing journal entry failed to address the forfeiture specifications contained in counts one and three of the indictment; therefore, the entry did not comport with State v. Baker,119 Ohio St.3d 197, 2008-Ohio-3330, *Page 4 
897 N.E.2d 3330.[1] We also cautioned the trial court that its corrected journal entry must "contain a complete history of the appellant's means of conviction and disposition of each count and specification."
 {¶ 4} The trial court issued a nunc pro tunc entry and added the forfeiture information. The trial court did not, however, state the disposition of count four.
 {¶ 5} Crim. R. 32(C) provides that a "judgment of conviction shall set forth *** the verdict or findings, and the sentence." This court has interpreted the duty to set forth the verdict or finding and the sentence for each and every criminal charge as "mandatory;" therefore, an order that "fails to impose sentence for an offense for which the offender was found guilty not only violates this rule, but renders the resultant order non-final and not immediately appealable." State v.Hicks, Cuyahoga App. No. 84418, 2004-Ohio-6113, at ¶ 6; State v.Collins (Oct. 18, 2001), Cuyahoga App. No. 79064. In other words, there is no final appealable order unless the journal entry states the imposition of sentence on each and every offense for which a defendant is convicted. Collins; see, also, State v. Waters, Cuyahoga App. No. 85691, 2005-Ohio-5137. Without a final appealable order, this court lacks jurisdiction to hear this appeal. Waters.
 {¶ 6} In this case, the trial court stated at the sentencing hearing and in its journal entry that it was suspending Crawford's sentence for possessing criminal *Page 5 
tools but failed to impose a sentence on that count.[2] Therefore, there is no final appealable order, and we lack jurisdiction to hear this appeal. Accordingly, this appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and KENNETH A. ROCCO, J., CONCUR.
[1] In Baker, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id., syllabus.
[2] Although the court stated that it was suspending sentence on the possessing criminal tools count, the court obviously cannot suspend a sentence that has not been imposed. State v. Brown, Cuyahoga App. No. 86128, 2006-Ohio-152; see, also, State v. Smith (1989),42 Ohio St.3d 60, 537 N.E.2d 198 ("[T]he courts of common pleas `do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.'") We also note that Crim. R. 43 states that the defendant must be physically present at every stage of the criminal proceeding including the imposition of sentence. *Page 1