[Cite as *State v. O'Black*, 2010-Ohio-192.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  1-09-46

    v.

ANGELA O'BLACK,                     O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Allen County Common Pleas Court
Trial Court No. CR 2008 0096

Appeal Dismissed

Date of Decision:  January 25, 2010


APPEARANCES:

    *William H. White*  for Appellant

    *Jana E. Emerick*  for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Angela O'Black (hereinafter "O'Black"), appeals the judgment of conviction and sentence entered against her by the Allen County Court of Common Pleas. For the reasons that follow, we dismiss the case for lack of a final appealable order.

{¶2} On March 13, 2008, the Allen County Grand Jury returned a two-count indictment against O'Black charging her with the following counts: count one, grand theft in the amount of $5,000.00 or more in violation of R.C. 2913.02(A)(1)&(B)(2), a felony of the fourth degree; and count two, selling a motor vehicle without a title in violation of R.C. 4505.19(A)(2), a felony of the fifth degree. On May 26, 2009, a bench trial was held. Following the presentation of the evidence, the trial court found O'Black guilty of both counts in the indictment. On July 23, 2009, a sentencing hearing was held, and the trial court sentenced her to community control for a period of three years.

{¶3} O'Black now appeals and raises the following assignments of error.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT COMMITTED ERROR WHEN IT ENTERED A FINDING OF GUILTY AS TO THE PERSONAL LIABILITY OF DEFENDANT/APPELLANT UNDER CRIMINAL LAW, PROOF BEYOND A REASONABLE DOUBT.**

**ASSIGNMENT OF ERROR NO. II**

**IT IS ERROR FOR THE COURT TO FIND THE APPELLANT GUILTY BASED UPON HER CORPORATE RELATIONSHIP.**

**ASSIGNMENT OF ERROR NO. III**

**THE TRIAL COURT COMMITTED ERROR WHEN IT ENTERRED [sic] A FINDING OF GUILTY OF ORC § 2913.02(A)(1) 7 [sic] (B)(2) AND ORC § 4305.19(A)(2) AS TO THE DEFENDANT/APPELLANT O'BLACK.**

{¶4} Before we review the merits of the assignments of error, we must first address a threshold jurisdictional problem. Courts of appeals in Ohio have appellate jurisdiction over "final appealable orders." Section 3(B)(2), Article IV of the Ohio Constitution. If a judgment appealed is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. *State v. Sandlin*, 4th Dist. No. 05CA23, 2006-Ohio-5021, ¶9, citing *Davison v. Rini* (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278; *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360; *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701. Moreover, this Court must raise jurisdictional issues sua sponte. Id. See, also, *In re Murray* (1990), 52 Ohio St.3d 155, 159-60, 556 N.E.2d 1169, at fn. 2; *Whitaker-Merrell Co. v. Geupel Const. Co.* (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.

{¶5} Crim.R. 32(C), requires that the trial court's entry set forth: "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction

is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶18. A trial court's order that fails to impose sentence for an offense for which the offender was found guilty not only violates this rule, but renders the resultant order non-final and not immediately reviewable. *State v. Phillis*, 4th Dist. No. 06CA75, 2007-Ohio-6893, ¶4; *State v. Sandlin*, 4th Dist. No. 05CA23, 2006-Ohio-5021, ¶11; *State v. Phipps*, 11th Dist. No. 2006-P-0032, 2006-Ohio-3545, ¶3; *State v. Brown*, 8th Dist. No. 86128, 2006-Ohio-152, ¶3; *State v. Cooper*, 8th Dist. No. 84716, 2005-Ohio-754, ¶4; *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137, ¶¶19-21; *State v. Hicks*, 8th Dist. No. 84418, 2004-Ohio-6113, ¶6; *State v. Garner*, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222, ¶¶7-11; *State v. Collins* (Oct. 18, 2001), 8th Dist. No. 79064, at *1.

{¶6} Here, O'Black was indicted on two counts: grand theft and selling a motor vehicle without a title. Ultimately, the trial court found her guilty of both of the charges, but despite these findings of guilt, in its judgment entry the trial court ordered that O'Black be "sentenced to Community Control with the Adult Parole Authority for a period of: THREE (3) YEARS." (July 28, 2009 JE). It also notified O'Black that should she violate any of her terms and conditions under community control that it could impose a prison term of two years. (Id.). Thus, the trial court only imposed a single term of community control, regardless of the

fact that it had found her guilty of both of the charges. Therefore, because the judgment entry neither states which convictions are subject to community control sanctions nor does it impose a sentence for each conviction, the judgment entry does not constitute a final appealable order.

{¶7} Accordingly, this appeal should be dismissed for lack of jurisdiction.

*Appeal Dismissed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**