[Cite as *In re C.L.*, 2017-Ohio-2654.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104661**

# IN RE: C.L.
# A MINOR CHILD

[Appeal by the State of Ohio]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 04106908

**BEFORE:** E.T. Gallagher, J., McCormack, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 4, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Theodore Parran
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark Stanton
Cuyahoga County Public Defender

BY:    Cullen Sweeney
          John T. Martin
Assistant Public Defenders
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiff-appellant, the state of Ohio ("the state"), appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, granting defendant-appellee, C.L.'s ("C.L."), motion to seal his juvenile record. The state raises the following assignment of error for our review:

> 1. The juvenile court erred in sealing appellee's delinquency adjudication, as Ohio courts are prohibited from granting motions to expunge and seal records of aggravated murder, murder, and rape delinquency.

{¶2} After careful review of the record and relevant case law, we reverse the juvenile court's judgment and remand for further proceedings consistent with this opinion.

## I. Procedural History

{¶3} In July 2004, a complaint was filed in the Cuyahoga County Juvenile Court, alleging that C.L. was delinquent of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree if committed by an adult. In October 2004, C.L. was adjudicated delinquent following a knowing and voluntary admission to the amended offense of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(1)(b).

{¶4} In March 2016, C.L. filed an application to seal the official records of his juvenile delinquency pursuant to R.C. 2151.356(C)(1)(b)(ii). The state filed a responsive brief, arguing that because C.L. "was found delinquent of attempted rape under R.C.

2907.02, he is statutorily barred from having his delinquency sealed according to R.C. 2151.356(A)." Following a hearing, the juvenile court granted C.L.'s application to seal his juvenile record, stating in pertinent part:

> The person was not adjudicated delinquent for committing an act that is a violation of O.R.C. 2903.01, 2903.02, or 2907.02.
>
> The person is not under the jurisdiction of the court relative to a complaint alleging the person to be a delinquent child.
>
> The applicant is eighteen years old or older.
>
> Upon due consideration, the court finds that the person has been rehabilitated to a satisfactory degree. In making the finding that the person has been rehabilitated to a satisfactory degree, the court considered the following: the age of the person; the nature of the case; the cessation or continuation of delinquent, unruly or criminal behavior; the education and employment history of the person; and other circumstances that may relate to the rehabilitation of the person who is the subject of the records that are under consideration.

{¶5} The state now appeals the juvenile court's judgment.

## II. Law and Analysis

{¶6} In its sole assignment of error, the state argues "the juvenile court erred in sealing C.L.'s delinquency adjudication, as Ohio courts are prohibited from granting motions to expunge and seal records of aggravated murder, murder, and rape delinquency."

{¶7} R.C. 2151.356 sets forth the procedure to apply for the sealing of records in juvenile cases. The statute provides, in relevant part:

> (A) The records of a case in which a person was adjudicated a delinquent child for committing a violation of section 2903.01, 2903.02, or 2907.02 of the Revised Code shall not be sealed under this section.

* * *

(C)(1) The juvenile court shall consider the sealing of records pertaining to a juvenile upon the court's own motion or upon the application of a person if the person has been adjudicated a delinquent child for committing an act other than a violation of section 2903.01, 2903.02, or 2907.02 of the Revised Code, an unruly child, or a juvenile traffic offender and if, at the time of the motion or application, the person is not under the jurisdiction of the court in relation to a complaint alleging the person to be a delinquent child. The court shall not require a fee for the filing of the application.

{¶8} On appeal, the state argues that C.L.'s delinquency adjudication for attempted rape in violation of R.C. 2923.02 and 2907.02(A)(1)(b) is "expressly barred from sealing" pursuant to the express language of R.C. 2151.356(A) and (C)(1). In contrast, C.L. contends that because "R.C. 2151.356 never uses the term 'attempt' or makes any mention of '[R.C.] 2923.02,'" the restrictions set forth under R.C. 2151.356(A) and (C)(1) only apply to the offenses of aggravated murder, murder, and rape, and do not apply to the offense of *attempted* rape. (Emphasis added.)

{¶9} After careful review, we find persuasive value in prior case law addressing the attempt statute and its implications on the statutory procedure for expungement of criminal convictions. *See State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025.

{¶10} Pursuant to the expungement procedures set forth in R.C. 2953.31 et seq., applicants whose conviction falls within any category of R.C. 2953.36 are "ineligible" for expungement. Similar to the restrictions set forth under R.C. 2151.356, R.C. 2953.36 provides that a motion to seal a record of conviction does not apply to offenders who

were convicted "under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4506, 4507, 4510, 4511, or 4549 of the Revised Code[.]"

{¶11} In *M.R.* the state appealed from the trial court's order that granted an application to seal the record of the defendant's convictions for attempted pandering of obscenity in violation of R.C. 2923.02 and 2907.32. As argued by C.L. in this case, M.R. maintained that his *attempted* pandering convictions did not "fall under any of the exceptions for convictions that may not be sealed under R.C. 2953.36." (Emphasis added.) This court disagreed with M.R.'s interpretation of R.C. 2953.36 and reversed the trial court's judgment, stating, in relevant part:

> The addition of the attempt statute to the offense did not affect R.C. 2953.36's application because the "main" offense was on [the] list of excepted offenses. *State v. Burnside,* 7th Dist. Mahoning No. 08 MA 172, 2009-Ohio-2653, ¶ 20-21, citing *State v. Reid*, 2d Dist. Greene No. 2005CA0028, 2006-Ohio-840, ¶ 13.

> * * *

> Since the record demonstrates "the very nature of the offense[s] for which [M.R.] was convicted renders the sealing provisions of R.C. 2953.32 inapplicable to him," the trial court lacked authority to seal his record. *State v. Campbell*, 9th Dist. Summit No. 24919, 2010-Ohio-128, at ¶ 8.

*M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 25-26.

{¶12} In *M.R.*, this court relied extensively on the reasoning set forth by the Seventh Appellate District in *State v. Burnside*, 7th Dist. Mahoning No. 08MA172, 2009-Ohio-2653. In *Burnside*, the defendant appealed the trial court's denial of his

motion to seal his attempted rape conviction. In affirming the trial court's judgment, the court stated, in relevant part:

> Burnside was convicted of attempted rape pursuant to R.C. 2923.02 and R.C. 2907.03(A)(1). Convictions under R.C. 2907.03 are precluded from sealing pursuant to R.C. 2953.36(B). And even though Burnside was convicted of attempted rape and not rape, the exception contained in R.C. 2953.36(B) still applies. The Second District addressed a similar issue in *State v. Reid*, 2d Dist. Greene No. 2005CA0028, 2006-Ohio-840. In *Reid*, a criminal defendant who was convicted of attempted gross sexual imposition appealed the trial court's denial of his motion to expunge that conviction. Gross sexual imposition is listed as an excepted offense under R.C. 2953.36(B). The court held that "having been convicted of an *attempted violation* of R.C. 2907.06, Sexual Imposition, Defendant was not eligible as a matter of law to have the records of his conviction sealed or expunged." *Reid* at ¶ 13 (emphasis sic).

(Emphasis sic.) *Id*. at ¶ 20.

{¶13} After careful review, we find this court's interpretation of R.C. 2953.36 applies equally to the statutory restrictions for sealing juvenile records under R.C. 2151.356(A) and (C)(1). Accordingly, the juvenile court was barred from sealing records of C.L.'s attempted rape delinquency, because the "main" offense of rape is listed as an excepted offense under R.C. 2151.356(A).

{¶14} The state's sole assignment of error is sustained.

{¶15} The trial court's order is reversed, and this case is remanded to the trial court with instructions to deny C.L.'s application and to unseal the record of his adjudication of delinquency.

It is ordered that appellant recover from appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

TIM McCORMACK, P.J., CONCURS;
MELODY J. STEWART, J., DISSENTS (WITH SEPARATE OPINION)

MELODY J. STEWART, J., DISSENTING:

{¶16} This case presents a simple issue of statutory interpretation. Because R.C. 2151.356 only prohibits the sealing of adjudications for the offense of aggravated murder, murder, or rape — offenses for which C.L. was not adjudicated delinquent — the trial court did not err in considering C.L.'s petition and subsequently sealing his records. I therefore dissent.

{¶17} R.C. 2151.356 is clear as to when a record of adjudication may not be sealed:

> (A) The records of a case in which a person was adjudicated a delinquent child for committing a violation of section 2903.01 [aggravated murder], 2903.02 [murder], or 2907.02 [rape] of the Revised Code shall not be sealed under this section.
>
> * * *
>
> (C)(1) The juvenile court shall consider the sealing of records pertaining to a juvenile upon the court's own motion or upon the application of a person if the person has been adjudicated delinquent for committing an act other

than a violation of section 2903.01 [aggravated murder], 2903.02 [murder] or 2907.02 [rape] of the Revised Code * * *.

By its own terms, the statute makes the specific offenses that would render a juvenile record ineligible for sealing both discrete and narrow. The majority comes to its decision by painting with a brush much broader than what the legislature intended. A review of the statute's adult counterpart clearly demonstrates that the General Assembly certainly knew how to include an adjudication for an attempt of one of the prohibited offenses from being sealed had it intended to do so. *See, e.g.,* R.C. 2953.31 et seq. The adult sealing statutes preclude sealing convictions of broader "offense[s] of violence." *See* R.C. 2953.36(A)(3), and the phrase, "offense of violence," includes specific enumerated offenses as well as any "attempt to commit" any of those offenses. *See* R.C. 2901.01(A)(9)(d). The Ohio Supreme Court in *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, also recognized as much. In noting that the sealing statute "speaks for itself," the Supreme Court stated:

> Our first duty in statutory interpretation is to determine whether the statue is clear and unambiguous. [W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.

*Id.* at ¶ 15. (Citation omitted.)

{¶18} Finally, the majority's reliance on the dicta in *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, is misplaced. This court in *M.R.* reversed the decision of the trial court that granted the application to seal M.R.'s record based on the fact that M.R.'s record was ineligible for sealing because the circumstances surrounding

his conviction involved a minor — a specific prohibition for sealing. *Id.* at ¶ 24-25 (referencing R.C. 2953.36 (E) and (F)). Furthermore, the dicta in *M.R.* references the Seventh District's decision in *State v. Burnside*, 7th Dist. Mahoning No. 08 MA 172, 2009-Ohio-2653, the analysis of which is a minority view in Ohio. *See, e.g., State v. E.A.,* 8th Dist. Cuyahoga No. 103829, 2017-Ohio-180; *State v. D.G.*, 8th Dist. Cuyahoga No. 103861, 2016-Ohio-7609; *State v. Clemens*, 10th Dist. Franklin No. 14AP-945, 2015-Ohio-3153; *State v. Rybak*, 11th Dist. Lake No. 2011-L-084, 2012-Ohio-1791; and *State v. Novak*, 8th Dist. Cuyahoga No. 92586, 2009-Ohio-6220. And contrary to the majority's statement that this court "relied extensively on the reasoning" in *Burnside* when deciding *M.R.*, the one-sentence reference to *Burnside* did no such thing. The statement is purely dicta.

{¶19} The juvenile sealing statute is comparatively more simple and narrow than the adult statute. It specifically excludes from sealing eligibility three discrete offenses: adjudications for aggravated murder, murder, and rape. In doing so, the General Assembly adheres to the well-established fact that juvenile offenders are different from adult offenders and are to be treated differently. The limited list of offenses that are ineligible for sealing of a juvenile record recognizes this difference. As previously mentioned, if the General Assembly had wanted to make the scope of ineligible offenses broader, it certainly knew how to do so. Courts should not interpret or construe that which the General Assembly clearly did not intend. Accordingly, I dissent.