[Cite as *State v. Stults*, 195 Ohio App.3d 488, 2011-Ohio-4328.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY

THE STATE OF OHIO,

      APPELLEE,                              CASE NO.  13-10-42

      v.

STULTS,

                                        O P I N I O N

      APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 09-CR-0268

Appeal Dismissed

Date of Decision:   August 29, 2011

APPEARANCES:

      Derek W. DeVine, for appellee.

      Scott B. Johnson, for appellant.

PRESTON, Judge.

{¶ 1} Defendant-appellant, David C. Stults, appeals the Seneca County Court of Common Pleas' judgment entry of conviction and sentence and its

separately entered forfeiture order. We dismiss the appeal for lack of a final, appealable order.

{¶ 2} On December 2, 2009, the Seneca County Grand Jury indicted Stults as follows: count one, trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(b), a fourth-degree felony; and count two, permitting drug abuse in violation of R.C. 2925.13(B), a fifth-degree felony. Count one contained a specification that the offense was committed within the vicinity of a juvenile, and count two contained a criminal-forfeiture specification seeking 20 items of personal property.

{¶ 3} On December 29, 2009, Stults appeared for arraignment and entered pleas of not guilty to both counts.

{¶ 4} On July 2, 2010, Stults filed a motion to suppress evidence seized as a result of a search of his residence. A brief hearing on the motion was held on July 6, 2010, and the trial court overruled the motion the next day.

{¶ 5} On August 30, 2010, the state filed a motion to amend count two of the indictment to reduce the number of items sought in the criminal-forfeiture specification from 20 to 16. The trial court granted the state's motion that same day.

{¶ 6} On August 30 and 31 and September 1, 2010, a jury trial was held, and thereafter, the jury found Stults guilty on both counts of the indictment.

{¶ 7} On October 6, 2010, the trial court held a bifurcated hearing on forfeiture and sentencing. The trial court sentenced Stults to seven months'

imprisonment on each count and ordered that the terms be served concurrently, for a total of seven months' imprisonment. The trial court also ordered forfeiture of the 16 items sought by the state. On October 8, 2010, the trial court filed its entry of conviction and sentence and separately filed its forfeiture order.

{¶ 8} On October 29, 2010, Stults filed a notice of appeal. Stults now appeals, raising two assignments of error for our review.

Assignment of Error No. I

The trial court erred in denying the defendant's motion to suppress.

Assignment of Error No. II

The trial court erred in its finding that certain articles seized were used or intended to be used in the commission of the offense and thereby erred in ordering said articles be forfeited.

{¶ 9} In his first assignment of error, Stults argues that Detective Boyer's affidavit in support of the search warrant did not meet the statutory conditions for nonconsensual, forcible entry under R.C. 2933.231(B)(1) and (2). Therefore, Stults argues that the trial court should have suppressed the evidence seized as a result of the erroneously granted no-knock search warrant.

{¶ 10} In his second assignment of error, Stults argues that the trial court erred in determining that the following seized items were used or intended to be used in the commission of the drug-trafficking offense: (1) $356, less $275 that was attributable to drug-buy money, (2) a Samsung cell phone, (3) $890, (5) a Hi Point Model C-9 SCR, 9 mm handgun, (7) a black monitor, (8) a night-vision

wireless camera, (11) wireless motion cameras, (12) a Blackberry cell phone, (13) a Westernfield bolt-action 20-gauge firearm,[1] (14) a Remington .22-caliber rifle, and (15) a .22-caliber magazine.

{¶ 11} Before we can reach the merits of Stults's assignments of error, though, we must determine whether the entry Stults appealed from is a final, appealable order. The Ohio Court of Appeals has appellate jurisdiction over final and appealable orders. Section 3(B)(2), Article IV of the Ohio Constitution. If a judgment appealed from is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. *State v. O'Black*, 3d Dist. No. 1-09-46, 2010-Ohio-192, ¶ 4, citing *State v. Sandlin*, 4th Dist. No. 05CA23, 2006-Ohio-5021, ¶ 9, citing *Davison v. Rini* (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278; *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, fn. 2; *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701. Moreover, we must raise jurisdictional issues sua sponte. *In re Murray* (1990), 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, fn. 2; *Whitaker-Merrell Co. v. Geupel Const. Co.* (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.

{¶ 12} The Ohio Supreme Court in *State v. Baker* was presented with two issues: (1) whether a judgment of conviction must include the defendant's plea entered at arraignment to be a final, appealable order under R.C. 2505.02 and (2) whether "the plea, the verdict or findings, and the sentence" required by Crim.R.

---

[1] Stults refers to this firearm as a "Bolt action rifle – Westernfield" since the firearm is referred to as such in the specification of the indictment. The record, however, indicates that the firearm was a "Westernfield bolt action .20 gauge," which is not a rifle, but a shotgun.

32(C) must be contained in one document to be a final, appealable order under R.C. 2505.02. *Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 1 and 5. At the time *Baker* was decided, Crim.R. 32(C) provided: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." See id. at ¶ 10.[2] The Court of Appeals for the Ninth District had previously determined that to be a final, appealable order under R.C. 2505.02, Crim.R. 32(C)'s plain language required that the judgment entry of conviction contain *five* elements: (1) the plea, (2) the verdict or findings, (3) the sentence, (4) the signature of the judge, and (5) the time stamp of the clerk to indicate journalization. Id. at ¶ 13, citing *State v. Miller*, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, ¶ 5. In order to satisfy the first element, the Ninth District held: "The trial court's judgment entry must comply fully with Crim.R. 32(C) by setting forth the defendant's plea of not guilty, guilty, no contest, or not guilty by reason of insanity." *Miller* at ¶ 10. The court in *Baker* acknowledged that the Ninth District's approach "may be supported grammatically because in the phrase 'the plea, the verdict or findings' the missing

---

[2] Following *Baker*, Crim.R. 32(C) was amended to provide: "A judgment of conviction shall set forth the plea, the verdict, or findings, *upon which each conviction is based,* and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." (Eff. July 1, 2009; amendments emphasized.) *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 1230, 2011-Ohio-1755, 948 N.E.2d 954, ¶ 17 (O'Donnell, J., dissenting); *State v. Jackson*, 188 Ohio App.3d 803, 2010-Ohio-1846, 937 N.E.2d 120, ¶ 4, fn. 2. The Ohio Supreme Court continues to follow *Baker* after the amendment. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 8 and 13.

comma after the word 'verdict' confuses whether 'the plea, the verdict or findings' is intended to be a series." *Baker* at ¶ 13. Nevertheless, the court concluded that the "more logical interpretation" of the phrase "the plea, the verdict or findings, and the sentence" in Crim.R. 32(C) was that the trial court was required "to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." Id. at ¶ 1 and 14. Consequently, the court in *Baker* concluded that a judgment of conviction is a final, appealable order under R.C. 2505.02 when it sets forth the following *four* elements: (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based, (2) the sentence, (3) the signature of the judge, and (4) entry on the journal by the clerk of court. Id. at ¶ 18.

{¶ 13} Concerning the second question, the Court of Appeals for the Twelfth District concluded that two separate journal entries could be read together to meet Crim.R. 32(C)'s requirements. *State v. Postway*, 12th Dist. No. CA2002-06-154, 2003-Ohio-2689, ¶ 7. Although the judgment entry of conviction in *Postway* stated that the defendant had been found guilty of robbery, it did not state that the defendant had pleaded guilty to that charge. Id. Instead, a separate journalized entry stated that the defendant had pleaded guilty and that the trial court had accepted defendant's plea. Id. The court in *Baker* rejected *Postway*'s approach, because "allowing multiple documents to constitute a final appealable

order, is * * * an erroneous interpretation of [Crim.R. 32(C)]. Only one document can constitute a final appealable order." *Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶ 17. This holding became known as *Baker*'s "one-document rule," which requires that Crim.R. 32(C)'s four elements be recorded in one document to constitute a final, appealable order under R.C. 2505.02.

{¶ 14} A little over two years after *Baker*, the Ohio Supreme Court made an exception to *Baker*'s one-document rule when it determined that for aggravated-murder cases subject to R.C. 2929.03(F), the final, appealable order consists of the *combination of* the judgment entry *and* the sentencing opinion. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 17. The court in *Ketterer* distinguished *Baker* as follows:

> Because R.C. 2929.03(F) *requires* the court to file a sentencing opinion, *Baker* does not control this case, because *Baker* addressed only noncapital criminal cases, in which a judgment of conviction alone constitutes a final, appealable order. R.C. 2929.03(F) *requires* that a separate sentencing opinion be filed in addition to the judgment of conviction, *and the statute specifies that the court's judgment is not final until the sentencing opinion has been filed.* Capital cases, in which an R.C. 2929.03(F) sentencing opinion is *necessary*, are clear exceptions to *Baker*'s "one document" rule.

(Emphasis added.) Id.

{¶ 15} The entry from which Stults appeals sets forth the means of conviction, is signed by the trial court judge, and was entered upon the journal by the clerk. The entry sets forth the terms of imprisonment (ordered pursuant to R.C. 2929.14), an order to make restitution (ordered pursuant to R.C. 2929.18), an order to pay court costs (ordered pursuant to R.C. 2947.23), and an order to pay

appointed counsel fees (ordered pursuant to R.C. 2941.51); however, the entry does not set forth the forfeiture order pursuant to R.C. 2981.04.  Instead, the trial court's forfeiture order is contained in a separate entry, entitled "Judgment Entry – Forfeiture," which was filed on the same day as the above-described entry.  The issue we must address is whether the entry Stults appealed from sets forth the "sentence" in conformity with Crim.R. 32(C) and *Baker*'s one-document rule.  More specifically, the issue is whether a criminal-forfeiture order made pursuant to R.C. 2981.04 is part of the "sentence" for purposes of Crim.R. 32(C) and *Baker*'s one-document rule.  We answer this inquiry in the affirmative.

{¶ 16} As an initial matter, we acknowledge that the Court of Appeals for the Eighth District has already determined that a criminal-forfeiture order must be made part of the judgment entry of sentence to be a final, appealable order under *Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163; *State v. Harris*, 190 Ohio App.3d 417, 2010-Ohio-5374, 942 N.E.2d 407, ¶ 7.  The state appealed the Eighth District's decision, and the Ohio Supreme Court has accepted review of the following proposition of law: "Because forfeiture of items contemplates actions and issues that extend beyond the criminal case and sentence, Crim.R. 32(C) does not require the forfeiture of items be listed in the sentencing entry."  *State v. Harris*, 128 Ohio St.3d 1425, 2011-Ohio-1049, 943 N.E.2d 572.  Although we agree with the Eighth District's conclusion, their conclusion was reached without much analysis of the issue.  Therefore, we set forth our reasons for following the

Eighth District's application of *Baker*'s one-document rule for cases involving criminal forfeitures ordered pursuant to R.C. 2981.04.

{¶ 17} Crim.R. 32(C) does not set forth a definition of the term "sentence," nor has the Ohio Supreme Court defined the term "sentence" as it is used in Crim.R. 32(C). However, R.C. 2929.01 provides the following:

> (DD) "Sanction" means *any* penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense. "Sanction" *includes* any sanction imposed pursuant to any provision of sections 2929.14 to 2929.18 or 2929.24 to 2929.28 of the Revised Code.
>
> (EE) "Sentence" means the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense.

(Emphasis added.) The criminal forfeiture statute, R.C. 2981.04, provides:

> (A)(1) Property described in division (A) of section 2981.02 of the Revised Code may be forfeited under this section only if the * * * indictment * * * contains a specification of the type described in section 2941.1417 of the Revised Code[.]
>
> * * *
>
> (B) If a person * * * is convicted of an offense * * * and the * * * indictment * * * contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited. If the state or political subdivision proves by a preponderance of the evidence that the property is in whole or part subject to forfeiture under section 2981.02 of the Revised Code, after a proportionality review under section 2981.09 of the Revised Code when relevant, the trier of fact shall return a verdict of forfeiture that specifically describes the extent of the property subject to forfeiture. If the trier of fact is a jury, on the offender's * * * motion, the court shall make the determination of whether the property shall be forfeited.

(C) If the court enters a verdict of forfeiture under this section, *the court imposing sentence or disposition, in addition to any other sentence authorized by Chapter 2929 of the Revised Code or any disposition authorized by Chapter 2152 of the Revised Code*, shall order that the offender * * * forfeit to the state or political subdivision the offender's * * * interest in the property. The property vests with the state or political subdivision subject to the claims of third parties. The court may issue any additional order to affect the forfeiture, including, but not limited to, an order under section 2981.06 of the Revised Code.

(Emphasis added.)

{¶ 18} Consequently, whether a criminal-forfeiture order pursuant to R.C. 2981.04 is a "sentence" as defined by R.C. 2929.01(EE) depends upon whether a criminal-forfeiture order is a "sanction" under R.C. 2929.01(DD). While R.C. 2929.01(DD)'s second clause does not specifically list criminal-forfeiture orders under R.C. 2981.04 as a sanction, the list of possible sanctions includes other monetary penalties, such as fines and restitution. Furthermore, by using the term "includes" in R.C. 2929.01(DD)'s second clause, the legislature did not intend to provide an exhaustive list of sanctions, only common examples. Any interpretation of R.C. 2929.01(DD) that would limit the term "sanction" to only those enumerated within the subsection's second clause would render R.C. 2929.01(DD)'s first clause superfluous. "A basic rule of statutory construction requires that 'words in statutes should not be construed to be redundant, nor should any words be ignored.'" *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 26, quoting *E. Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 299, 530 N.E.2d 875.

Statutory language " 'must be construed as a whole and given such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.' " Id., quoting *State ex rel. Myers v. Bd. of Edn. of Rural School Dist. of Spencer Twp.*, *Lucas Cty.* (1917), 95 Ohio St. 367, 372-373, 116 N.E. 516.

{¶ 19} R.C. 2929.01(DD)'s first clause states that " '[s]anction' means any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense." The Ohio Supreme Court has previously held that "forfeiture of property, pursuant to R.C. 2925.42, *is a form of punishment for a specified offense* and, therefore, is a 'fine' for purposes of Section 9, Article I of the Ohio Constitution and the Eighth Amendment to the United States Constitution." (Emphasis added.) *State v. Hill* (1994), 70 Ohio St.3d 25, 34, 635 N.E.2d 1248. Former R.C. 2925.42(A)(1)(b) permitted forfeiture if "[t]he property was used or intended to be used in any manner to commit, or to facilitate the commission of, the felony drug abuse offense or act." Similarly, R.C. 2981.02(A)(3)(a) permits forfeiture of "[a]n instrumentality that is used in or intended to be used in the commission or facilitation of * * * [a] felony." Although R.C. 2981.02 expands forfeiture to all felonies, not just felony drug offenses as former R.C. 2925.42 did, the language and effect of R.C. 2981.02 is similar to R.C. 2925.42, which was at issue in *Hill*. Accordingly, we conclude that

a criminal-forfeiture order under R.C. 2981.04 is a form of punishment or penalty imposed for specified offenses.

{¶ 20} Therefore, since a criminal-forfeiture order under R.C. 2981.04 is a form of punishment or penalty imposed for specified offenses, a criminal-forfeiture order is a "sanction" under R.C. 2929.01(DD). As a "sanction" under R.C. 2929.01(DD), a criminal-forfeiture order is also a "sentence" under R.C. 2929.01(EE). Thus, we conclude that a criminal-forfeiture order made pursuant to R.C. 2981.04 is part of the "sentence" for purposes of Crim.R. 32(C); and therefore, a criminal-forfeiture order must be incorporated into the judgment entry of sentence to constitute a final, appealable order under *Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. A separately entered forfeiture order does not comply with *Baker*'s one-document rule.

{¶ 21} Furthermore, we conclude that unlike the sentencing opinions for aggravated-murder cases subject to R.C. 2929.03(F), a criminal-forfeiture order made pursuant to R.C. 2981.04 is not an exception to *Baker*'s one-document rule. See *Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 17. Unlike R.C. 2929.03(F), R.C. 2981.04 does not explicitly require a separate entry or indicate that the trial court's sentence is not final until forfeiture is ordered. To the contrary, R.C. 2981.04(C), provides that "*the court imposing sentence * * *, in addition to any other sentence authorized by Chapter 2929[] of the Revised Code * * *, shall order that the offender * * * forfeit to the state or political subdivision the offender's * * * interest in the property.*" (Emphasis added.) This language

-12-

indicates that the court "imposing sentence" should make the criminal-forfeiture order part of the offender's sentence for the specified offense at the time of sentencing.

{¶ 22} Requiring criminal-forfeiture orders to be incorporated into the judgment entry of sentence is a matter of good public policy. Just as an indictment initiates the criminal proceedings against the accused and provides the accused with notice of *all* the charges in one document, the judgment entry of sentence should finalize the criminal proceedings with notice of *all* the corresponding penalties and responsibilities imposed upon the convicted offender in one document. The right to receive notice was the implicit public policy undergirding *Baker*'s one-document rule, and notice is a necessary element of due process. Additionally, criminal forfeitures are by specification within the indictment. The punishment for other criminal specifications (e.g., firearm specifications, prior-offense specifications, drug specifications) within an indictment and upon which the trier of fact makes an affirmative finding is resolved at sentencing and incorporated into the judgment entry of sentence. Why should criminal-forfeiture specifications within an indictment be treated differently?

{¶ 23} For all these reasons, we hold that a criminal-forfeiture order made pursuant to R.C. 2981.04 is part of the "sentence" for purposes of Crim.R. 32(C). In accordance with that holding, a criminal-forfeiture order must be incorporated into the judgment entry of sentence for the judgment entry of sentence to constitute a final, appealable order under *Baker*.

**{¶ 24}** The criminal-forfeiture order sub judice was a separate document and was not incorporated into the sentencing entry.  Thus, the entry that Stults is appealing from is not a final, appealable order under *Baker*.

**{¶ 25}** Having found that the entry Stults appealed from is not a final, appealable order, we sua sponte dismiss the appeal for lack of jurisdiction.

**Appeal dismissed.**

ROGERS, P.J., and WILLAMOWSKI, J., concur.