[Cite as *State v. McMeen*, 2014-Ohio-5482.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 13-14-26

      v.

SETH E. McMEEN,                   **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. CRB1400655

Judgment Reversed and Cause Remanded

Date of Decision:   December 15, 2014

APPEARANCES:

     *John M. Kahler, II* for Appellant

     *Richard H. Palau* for Appellee

Case No. 13-14-26

**ROGERS, J.**

{¶1} Defendant-Appellant, Seth E. McMeen, appeals the judgment of the Tiffin-Fostoria Municipal Court finding him guilty of inducing panic and discharging a firearm, sentencing him to thirty days in jail, and ordering the forfeiture of two of his firearms. On appeal, McMeen argues that the trial court erred by: (1) ordering the forfeiture of his firearms because it lacked the statutory authority to do so; (2) impermissibly modifying his sentence; (3) denying him due process; and (4) violating his double jeopardy rights. For the reasons that follow, we reverse the trial court's judgment.

{¶2} On June 3, 2014, two complaints were filed in the Tiffin-Fostoria Municipal Court in Case No. CRB 1400655A, B charging McMeen with one count of inducing panic in violation of R.C. 2917.31, a misdemeanor of the first degree, and one count of discharging firearms in violation of Tiffin City Ordinance § 549.08, a misdemeanor of the fourth degree. Neither complaint contained a forfeiture specification. *See* (CRB 1400655A, B Docket No. 1). The complaints arose from McMeen's alleged conduct of firing a hand gun out of the window of his apartment.

{¶3} On August 6, 2014, McMeen entered a plea of no contest to both charges. He was found guilty of both charges and sentenced to serve 30 days in jail. On August 27, 2014, Lieutenant Aaron Russell of the Tiffin Police

Department filed two Applications for Disposition of Property. Each application cited R.C. 2933.41 and stated that the two firearms were subject to forfeiture because McMeen used the firearms in the commission of a crime. The trial court granted both applications that same day.

{¶4} On August 29, 2014, McMeen filed an "Objection to Forfeiture of Firearms and Motion to Vacate Forfeiture Order." McMeen argued that the two firearms were not subject to forfeiture under R.C. 2981.02 and also argued that his complaints lacked a forfeiture specification contrary to R.C. 2941.1417. The trial court never ruled on McMeen's "objection."

{¶5} McMeen filed this timely appeal from his sentencing entries and forfeiture orders, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED IN ORDERING THE CRIMINAL FORFEITURE OF THE APPELLANT'S FIREARMS, NAMELY A TAURUS .44 MAGNUM YE300377 AND A ONE COLT GOV'T PISTOL S/N K016259, BECAUSE THE TRIAL COURT LACKED THE STATUTORY AUTHORITY TO ORDER THE FORFEITURE OF THE APPELLANT'S FIREARMS.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED IN ORDERING THE CRIMINAL FORFEITURE OF THE APPELLANT'S FIREARMS, NAMELY A TAURUS .44 MAGNUM YE300377 AND A COLT GOV'T PISTOL S/N K016259, BECAUSE THE ORDER OF FOREFEITURE OF THE APPELLANT'S**

**FIREARMS WAS AN IMPERMISSIBLE MODIFICATION OF SENTENCE.**

*Assignment of Error No. III*

**THE TRIAL COURT DENIED THE APPELLANT HIS RIGHT OF DUE PROCESS WHERE THE TRIAL COURT ORDERED THE FORFEITURE OF THE APPELLANT'S FIREARMS WITHOUT NOTICE AND WITHOUT THE OPPORTUNITY TO BE HEARD AT HEARING.**

*Assignment of Error No. IV*

**BY ORDERING THE CRIMINAL FORFEITURE OF THE APPELLANT'S FIREARMS AFTER SENTENCING THE TRIAL COURT VIOLATED THE APPELLANT'S DOUBLE JEOPARDY RIGHTS UNDER BOTH THE UNITED STATES AND THE OHIO CONSTITUTIONS.**

{¶6} Before we can reach the merits of McMeen's assignments of error, we must preliminarily decide whether the trial court's judgment entry was a final, appealable order. The Ohio Court of Appeals is only vested with appellate jurisdiction over final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2). If a judgment appealed from is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. *State v. O'Black*, 3d Dist. Allen No. 1-09-46, 2010-Ohio-192, ¶ 4.

{¶7} The State argues that the trial court's judgment is not a final appealable order for two reasons. First it argues that the trial court must have incorporated the criminal forfeiture order into its sentencing entry to constitute a final, appealable order. The State relies on an opinion from this court, *State v.*

*Stults*, 195 Ohio App.3d 488, 2011-Ohio-4328 (3d.Dist.), which held that a criminal-forfeiture order made pursuant to R.C. 2981.04 is part of the "sentence" for purposes of Crim.R. 32(C). *Id.* at ¶ 23. Therefore, in accordance with the Ohio Supreme Court's decision in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, we found that a criminal-forfeiture order must be incorporated into the judgment entry of sentence in order for it to be a final, appealable order. *Id.*

**{¶8}** Our decision in *Stults* recognized that the Eighth District Court of Appeals had already similarly concluded that a criminal-forfeiture order must be made part of the judgment entry of sentence to be a final, appealable order under *Baker*. *Id.* at ¶ 16; *see also State v. Harris*, 190 Ohio App.3d 417, 2010-Ohio-5374, ¶ 7 (8th Dist.), *rev'd* 132 Ohio St.3d 318, 2012-Ohio-1908 ("*Harris I*"). We also acknowledged that the State had appealed *Harris I*, and the Ohio Supreme Court had accepted review of its decision. *State v. Harris*, 128 Ohio St.3d 1425, 2011-Ohio-1049.

**{¶9}** Shortly after we released the *Stults* opinion, the Ohio Supreme Court issued its decision and held that "[f]orfeiture is a civil, not a criminal, penalty. Accordingly, the trial court was *not* required to include forfeiture of items in the judgment of conviction." (Emphasis added.) *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, ¶ 30 ("*Harris II*").[1] Therefore, the State's argument is not well-

---

[1] We find this holding difficult to comprehend since the General Assembly has included forfeiture in the criminal statutes and mandated that a forfeiture specification be included in the indictment.

taken, as "a journal entry of conviction need not include a nonmandatory, related forfeiture in order to be a final, appealable order pursuant to Crim.R. 32(C)." *Id.* at ¶ 35.[2]

{¶10} Furthermore, this case may be distinguished from *Stults* and *Harris* by the fact that no specification was included in the original complaint, the post sentence motion for forfeiture was based on a repealed statute, and the order of forfeiture was totally without any basis of authority.

{¶11} The State also argues that the trial court's judgment is a not a final, appealable order because it has yet to rule of McMeen's objection to the forfeiture order. However, as we explained *supra*, the trial court's judgment was a final, appealable order, and the court's failure to rule on this motion does not render an otherwise final, appealable order interlocutory. *Hager v. Norfolk & W. Ry. Co.*, 8th Dist. Cuyahoga No. 87553, 2006-Ohio-6580, ¶ 64, fn. 33, citing *Savage v. Cody-Ziegler, Inc.*, 4th Dist. Athens No. 06CA5, 2006-Ohio-2760, ¶ 1.

*Assignment of Error No. I*

{¶12} In his first assignment of error, McMeen argues that the trial court erred in ordering the forfeiture of his two firearms. Specifically, McMeen argues that his firearms were not subject to forfeiture under R.C. 2981.02 and that the complaints charging him did not comply with R.C. 2981.04. We agree.

---

[2] We note that the State chose not to address the merits of McMeen's assignments of error, and instead, focused solely on whether the forfeiture constituted a final, appealable order.

{¶13} Generally, forfeitures of property are not favored under Ohio law. *State v. Brownridge*, 3d Dist. Marion No. 9-09-24, 2010-Ohio-104, ¶ 22; *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, ¶ 8 (3d Dist.). " 'Whenever possible, [forfeiture] statutes must be construed as to avoid a forfeiture of property.' " *Clark* at ¶ 8, quoting *State v. Lilliock*, 70 Ohio St.2d 23, 26 (1982). Further, statutes " 'in derogation of private property rights' are strictly construed against the state." *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 32 (6th Dist.), quoting *Lilliock* at 26. Therefore, a forfeiture will not be presumed. *Brimacombe* at ¶ 32.

{¶14} We begin our analysis by noting that the Applications for Disposition of Property and the trial court's forfeiture orders cite R.C. 2933.41 and not Ohio's current forfeiture statute, Chapter R.C. 2981, which was enacted over seven years ago. Effective July 1, 2007, R.C. 2933.41 was repealed and replaced with a "significantly different and comprehensive scheme under R.C. Chapter 2981." *Brimacombe* at ¶ 33. R.C. 2981.01 through 2981.14 "define and establish the mandatory procedures for the forfeiture of property involved in or relating to, certain offenses. They also delineate the notice requirements, procedures, and hearings * * * for reviewing the proportionality of a particular forfeiture in relation to the value of the property involved." *Id.*

Case No. 13-14-26

**{¶15}** R.C. 2981.02(A) identifies three different categories of property that are subject to forfeiture, i.e., contraband involved in an offense, proceeds derived from or acquired through the commission of an offense, and

> [a]n instrumentality that is used in or intended to be used in the commission or facilitation of any of the following offenses when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture under this chapter:
>
> (a)   A felony;
>
> (b)   A misdemeanor, when forfeiture is *specifically authorized* by a section of the Revised Code or by a municipal ordinance that creates the offense or sets forth its penalties;
>
> (c)   An attempt to commit, complicity in committing, or a conspiracy to commit an offense of the type described in divisions (A)(3)(a) and (b) of this section.

(Emphasis added.)  R.C. 2981.02(A)(3).

**{¶16}** Here, McMeen's firearms are not "contraband" or "proceeds."  The only question to decide on appeal is whether McMeen's use of the firearms conformed with R.C. 2981.02(A)(3) and subjected the firearms to forfeiture.  First, we note that McMeen was not charged with a felony or an attempt to commit, complicity in committing, or conspiracy to commit a felony.  Instead, McMeen was charged with two misdemeanors: inducing panic in violation of R.C. 2917.31 and discharging a firearm in violation of Tiffin Municipal Ordinance § 549.08.  Neither R.C. 2917.31 nor Tiffin Municipal Ordinance § 549.08 specifically

-8-

authorize forfeiture. Therefore, under R.C. 2981.02(A)(3)(b), McMeen's two firearms were not subject to forfeiture.

{¶17} Moreover, R.C. 2981.04(A)(1) requires that

[p]roperty described in division (A) of section 2981.02 of the Revised Code may be forfeited under this section *only if the complaint, indictment, or information charging the offense or municipal violation, or the complaint charging the delinquent act, contains a specification of the type described in section 2941.1417 of the Revised Code that sets forth all of the following to the extent it is reasonably known at the time of the filing:*

(a) The nature and extent of the alleged offender's or delinquent child's interest in the property;

(b) A description of the property;

(c) If the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense.

(Emphasis added.)

{¶18} In the case sub judice, the two complaints charging McMeen did not contain the specification required under R.C. 2981.04. "Given this deficiency, the trial court has no authority to order the handgun[s] forfeited." *State v. Haymond*, 5th Dist. Stark No. 2009-CA-00078, 2009-Ohio-6817, ¶ 35, citing *State v. Coleman*, 8th Dist. Cuyahoga No. 91058, 2009-Ohio-1611, ¶ 76.

{¶19} In conclusion, we find that McMeen was never provided with notice that the State intended to seek forfeiture of his two firearms, and further, that his two firearms were not property subject to forfeiture.

{¶20} Accordingly, McMeen's first assignment of error is sustained.

*Assignments of Error Nos. II, III, & IV*

{¶21} In McMeen's second, third, and fourth assignments of error, he argues that the trial court erred by ordering the forfeiture because it impermissibly modified his sentence, denied him his right to due process, and violated his right against double jeopardy. Our disposition of McMeen's first assignment of error renders his second, third, and fourth assignments of error moot, and we decline to address them. App.R. 12(A)(1)(c).

{¶22} Having found error prejudicial to McMeen in the first assignment of error, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

***Judgment Reversed and***
***Cause Remanded***

**SHAW and PRESTON, J.J., concur.**

**/jlr**