[Cite as *State v. Poirier*, 2021-Ohio-1743.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28849 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-1243 |
| | : | |
| BRIAN POIRIER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of May, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 130 West Second Street, Suite 830, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Brian Poirier pled guilty in the Montgomery County Court of Common Pleas to resisting arrest, a misdemeanor of the second degree. The trial court imposed up to five years of community control. As part of his community control sanctions, the trial court ordered that Poirier's three handguns be forfeited to the Miamisburg Police Department for disposal. Poirier appeals from his conviction, claiming that the trial court erred in ordering the forfeiture of his handguns. For the following reasons, the trial court's community control sanction regarding his handguns will be vacated, and the matter will be remanded for reconsideration of his request for the return of his property. In all other respects, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} According to the presentence investigation report (PSI), around midnight on April 28, 2020, Poirier and his girlfriend argued, and Poirier grabbed his girlfriend by the throat, dragged her through the apartment, and slammed her against a couch. Poirier then released her, and she was able to leave the apartment. When she returned a short time later to get her phone, Poirier pointed a gun at her and again grabbed her by the throat, dragged her through the apartment, and slammed her against a wall. He then choked her until she was unable to breath. The girlfriend was able to escape and obtain help from a neighbor. At 12:22 a.m., Miamisburg police officers responded to Poirier's residence on a report of domestic violence.

{¶ 3} Poirier was on his porch when officers attempted to arrest him. As an officer grabbed him, Poirier "began to violently pull back into his residence." Two officers took him to the ground, but Poirier resisted their attempts to handcuff him. An officer

employed a Taser, with no effect. Poirier continued to resist, but officers finally succeeded in handcuffing him. Three officers sustained cuts to their forearms during the scuffle.

{¶ 4} A Sig Sauer M17 handgun was identified as the weapon Poirier had pointed at his girlfriend's head. Officers located two additional handguns and a shotgun. The officers seized all of the weapons and took them to a Miamisburg police station.

{¶ 5} The PSI suggests that Poirier initially was charged by complaint in municipal court with two counts of abduction, felonies of the third degree, and one count of domestic violence, a misdemeanor of the first degree. (The municipal court's transcript of proceedings is not part of the record.) Those charges were not presented to the grand jury.

{¶ 6} Instead, on May 13, 2020, the State filed a bill of information in the common pleas court, charging Poirier with resisting arrest, in violation of R.C. 2921.33(A), a misdemeanor of the second degree. Nine days later, Poirier waived an indictment, waived one-day service of the bill of information, and entered a guilty plea to resisting arrest. After accepting Poirier's plea, the trial court ordered a presentence investigation and, at the request of Poirier's girlfriend (as conveyed by the prosecutor), lifted the order prohibiting contact between the girlfriend and Poirier.

{¶ 7} At that juncture, defense counsel notified the trial court that some firearms had been confiscated and that Poirier would like to request the return of those weapons. The court responded, "[L]et me address it at sentencing." The court continued:

THE COURT: Generally speaking – I've had some exceptions. I've been

on the bench now long enough to have exceptions to everything that I've

generally done. There are instances where I permit people in disposition to keep weapons that have been taken. Most of the time, 90-plus percent of the time, I forfeit those weapons. So if this is something that's of significance to you, have [defense counsel] file a sentencing memoranda [sic] which details the reason that I should deviate from my standard practice. Even then, I'm looking you in the eye and I'm telling you, it may well be that I say, no, I don't agree with that; I'm still going to forfeit the weapons to the police department that was involved in the interaction with you.

THE DEFENDANT: Understood.

THE COURT: But it may be that I see something in [defense counsel's] memo that is significant to me and that I deviate from that practice. But we'll wait, as [defense counsel] said just a moment ago, until disposition to deal with that issue.

{¶ 8} On June 25, 2020, prior to sentencing, Poirier filed a "sentencing memorandum regarding return of property," requesting the return of his four firearms. Poirier argued: "Defendant plead [sic] guilty to, and is being sentenced for, a single charge of Resisting Arrest as a Misdemeanor of the Second Degree pursuant to ORC 2921.33(A). It is not alleged that Defendant in any way used a firearm as an instrumentality in furtherance of resisting arrest. Furthermore, it is not alleged that any firearms were contraband involved in that offense, nor were any firearms proceeds derived from or acquired through the commission of that offense. Thus, per ORC 2981.02, forfeiture of any firearm would not be an appropriate order at sentencing in this

case."

{¶ 9} At sentencing, the trial court first heard from defense counsel. After noting that Poirier was a veteran and was receiving treatment from the Veterans Administration, defense counsel addressed Poirier's desire for the return of his firearms. Defense counsel argued that Poirier's firearms were not subject to forfeiture under R.C. 2981.02 and, therefore, the firearms should be returned to him. Defense counsel further noted that, when the firearms were taken, officers told him that the Sig Sauer was being seized as evidence, but all the other firearms were being taken "for safekeeping." Counsel stated that the officers told Poirier that he would have those firearms returned to him once the case was resolved.

{¶ 10} The prosecutor objected to the return of Poirier's weapons, citing the underlying domestic violence and Poirier's conduct when the police tried to arrest him. Both Poirier and the prosecutor declined to make additional statements before the court imposed sentence.

{¶ 11} The trial court sentenced Poirier to up to five years of community control. As part of his community control sanctions, the trial court ordered that Poirier's three handguns be "remanded" to the Miamisburg Police Department for disposal, but that his shotgun be returned to him.

{¶ 12} Poirier appeals from his conviction, raising two assignments of error.

## II. Forfeiture of Poirier's Firearms

{¶ 13} Poirier's assignments of error state:

1. The Trial Court committed Plain Error when it subjected Mr. Poirier's firearms to forfeiture when the state failed [to] seek the forfeiture under any

indictment, information, or give prompt notice that the property was subject to forfeiture under Crim. R. 7.

2. The Trial Court erred when it subjected Mr. Poirier's firearms to forfeiture as it was an abuse of discretion.

Both of Poirier's assignments of error challenge the trial court's order that his three handguns be forfeited to the Miamisburg Police Department and claim that, in the absence of a forfeiture specification in the charging document or notice under Crim.R. 7, the trial court lacked the authority to order the handguns' forfeiture. Where the assignments of error primarily differ is in the standard of review.

{¶ 14} Poirier appears to argue in his first assignment of error that, although there was no objection to the lack of a forfeiture specification, we can review this "defect" for plain error. The State responded to this argument. In his reply brief, Poirier clarifies that he is arguing that the trial court committed plain error when it ordered his firearms forfeited when the charging document did not contain the required language to do so. He states that he is not arguing a defect in the bill of information.

{¶ 15} R.C. 2941.1417, the forfeiture specification statute, provides, in part:

Property is not subject to forfeiture in a criminal case unless the indictment, count in the indictment, or information charging the offense specifies, to the extent it is reasonably known at the time of filing, the nature and extent of the alleged offender's interest in the property, a description of the property, and, if the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense.

R.C. 2941.1417(A). The statute further specifies where the specification should be

placed in the charging document and the form the specification should take. *Id.*

{¶ 16} In our view, the complete absence of a forfeiture specification – as opposed to errors in the pleading of a forfeiture specification -- is not a "defect" that requires a timely objection. Rather, as provided in R.C. 2941.1417(A), the absence of a forfeiture specification simply precludes the State from seeking forfeiture of certain property. *See also* R.C. 2981.04(A)(1) (certain property may be forfeited if the defendant is convicted or receives intervention in lieu of conviction for an offense and the charging document includes a forfeiture specification).

{¶ 17} In this case, the bill of information charged Poirier with resisting arrest. No specifications were included, and Poirier was not required to object to the absence of a forfeiture specification in the bill of information. There is no indication in the record that the State provided any notice to Poirier that it intended to seek the forfeiture of his weapons.

{¶ 18} Poirier's counsel informed the trial court at the plea hearing that Poirier wished to request the return of his firearms. The court responded that the matter would be addressed at sentencing and encouraged defense counsel to raise any specific arguments in a sentencing memorandum, which defense counsel filed. At sentencing, defense counsel again raised Poirier's desire to have his firearms returned. Poirier thus adequately preserved his objection to the forfeiture of his handguns. Accordingly, the plain error standard does not apply.

{¶ 19} The appropriate question, as raised in Poirier's second assignment of error, is whether the trial court abused its discretion in ordering that Poirier's three handguns be forfeited as part of his community control sanctions. *See State v. Bennett*, 2019-Ohio-

2996, 140 N.E.3d 1145, ¶ 4 (2d Dist.) ("An appellate court reviews a misdemeanor sentence for an abuse of discretion."); *State v. Bakhshi*, 2d Dist. Montgomery No. 25585, 2014-Ohio-1268, ¶ 49 ("We review misdemeanor sentences for an abuse of discretion.").

{¶ 20} In general, a trial court abuses its discretion "when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. However, if the trial court committed a legal error in its ruling, "that ruling necessarily constitutes an abuse of discretion, since the trial court had no discretion to commit a legal error." *State v. Pierce*, 2011-Ohio-4873, 968 N.E.2d 1019, ¶ 72 (2d Dist.).

{¶ 21} To resolve the question of whether the trial court abused its discretion, we must consider the interplay between the court's authority to order the forfeiture of property and the scope of its ability to impose conditions on community control.

{¶ 22} At the outset, the State suggests that the trial court did not order the forfeiture of the handguns and that it, instead, simply ordered their "confiscation." The State notes that the judgment entry "remanded" the weapons to the arresting agency. However, the judgment did not merely remand the weapons to the agency's custody – it ordered the seized weapons to be "remanded to the arresting agency *for disposal as it sees fit* (Miamisburg Police Department)." (Emphasis added.) Regardless of the trial court's use of the word "remand," the effect of the order was to permanently deprive Poirier of his handguns, which constitutes forfeiture.

{¶ 23} R.C. 2981.02 allows the forfeiture of contraband, proceeds, and certain instrumentalities. A law enforcement officer may seize property that the officer has probable cause to believe is property subject to forfeiture, R.C. 2981.03(A)(2), and the

State or political subdivision acquires "provisional title" of the property upon the person's commission of an offense giving rise to the forfeiture. R.C. 2981.03(A)(1).

{¶ 24} A prosecuting attorney may then pursue forfeiture of seized property in a criminal proceeding under R.C. 2981.04, a civil proceeding under R.C. 2981.05, or both. R.C. 2981.03(F). Criminal forfeiture is initiated by including in the charging instrument a specification consistent with R.C. 2941.1417 or by providing the defendant with "prompt notice" that the property is subject to forfeiture, in conformity with Crim.R. 7(E) (bill of particulars). R.C. 2981.04(A)(1) and (A)(2). Civil forfeiture is commenced by filing "a complaint requesting an order that forfeits the property to the state or a political subdivision." R.C. 2981.05(A).

{¶ 25} In general, forfeiture of property is disfavored. *E.g.*, *State v. Christian*, 2016-Ohio-516, 56 N.E.3d 391, ¶ 31 (2d Dist.); *Dayton Police Dept. v. Byrd*, 289 Ohio App.3d 461, 2010-Ohio-4529, 938 N.E.2d 1110, ¶ 28 (2d Dist.); *see also Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917*, 65 Ohio St.3d 532, 534, 605 N.E.2d 368 (1992) ("The law requires that we favor individual property rights when interpreting forfeiture statutes."). The State's ability to seek forfeiture of property is created by statute and, whenever possible, forfeiture statutes must be construed to avoid forfeiture. *Id.* Other Ohio appellate courts have held that where criminal complaints did not contain the specification required under R.C. 2981.04, the trial court had no authority to order the defendant's property be forfeited. *E.g.*, *State v. McMeen*, 2014-Ohio-5482, 25 N.E.3d 422, ¶ 18 (3d Dist.); *State v. Patrick*, 4th Dist. Lawrence No. 12CA16, 2013-Ohio-3821, ¶ 15; *State v. Haymond*, 5th Dist. Stark No. 2009-CA-00078, 2009-Ohio-6817, ¶ 35.

{¶ 26} In *State v. Bolton*, 2017-Ohio-7263, 97 N.E.3d 37 (2d Dist.), we addressed

whether the trial court erred in failing to grant Bolton's motion for return of his property, which consisted of several non-firearm weapons. Bolton had been charged with and convicted of inducing panic, a fifth-degree felony, and the indictment did not include a forfeiture specification. The State also did not pursue either criminal or civil forfeiture, and the judgment entry did not address the disposition of the property. After Bolton completed his community control sentence, he sought the return of his seized property. The trial court denied the motion. On review, we reversed, holding that "where the statutory requirements for forfeiture have not been met, we have no choice but to reverse the decision of the trial court and remand for further proceedings." *Id.* at ¶ 17.

{¶ 27} Bolton had a second encounter with police, during which the police seized several firearms and ammunition, and he was charged with aggravated menacing, a misdemeanor of the first degree. *See State v. Bolton*, 2017-Ohio-8903, 100 N.E.3d 1275 (2d Dist.). The charge did not include a forfeiture specification. Bolton requested the return of his firearms, and on the day of his sentencing, the court ordered the police department to return the firearms and ammunition to him on December 22, 2016 (two years from the date of the offense) on the condition that Bolton complied with the terms of his probation.

{¶ 28} When the probation department recommended the early termination of Bolton's community control, the deputy police chief asked the municipal court to reconsider its decision granting the return of Bolton's firearms and ammunition, stating that Bolton was under a weapons disability as a result of his felony inducing panic conviction. The court granted the motion and ordered the police department to dispose of the seized firearms and ammunition "in accordance with the applicable statute." On

appeal, we found that, given Bolton's legal disability, the trial court did not abuse its discretion in failing to release the property back to Bolton. *Id.* at ¶ 17. However, as to the disposition of the property, we noted that the court was "treating the property as if it had been forfeited when no forfeiture proceeding had ever been initiated. In other words, Bolton's property was not forfeited under Chapter 2981 of the Revised Code and cannot be treated as such." *Id.* at ¶ 26. We ordered that the weapons remain with the police department for safekeeping while the disposition of the property was addressed on remand. *Id.* at ¶ 27.

{¶ 29} On the record before us, we find no statutory authority for the trial court's order that Poirier's handguns be "remanded" to the Miamisburg Police Department for disposal. The State did not initiate either criminal or civil forfeiture proceedings. No forfeiture provision was included in the bill of information, and the prosecutor did not file a bill of particulars under Crim.R. 7(E). Thus, the trial court's forfeiture order was contrary to the procedures established in R.C. Chapter 2981.

{¶ 30} The State nevertheless contends that the trial court had discretion to structure community control sanctions that protected the offender, those who lived with the offender, and the public from future violence by the offender. The State argues that the trial court reasonably concluded that that "confiscation" of Poirier's handguns was necessary to protect others from future crime.

{¶ 31} Misdemeanor community control sanctions are governed by R.C. 2929.25. That statute authorizes the trial court to impose a jail term (R.C. 2929.24), community residential sanctions (R.C. 2929.26), nonresidential sanctions (R.C. 2929.27), financial sanctions (R.C. 2929.28) and "any other conditions of release under a community control

sanction that the court considers appropriate." R.C. 2929.25(A)(1)(a) and (b).

{¶ 32} Trial courts enjoy broad discretion to fashion a sentence that is appropriate to each case. *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 12 (2d Dist.), citing R.C. 2929.22(A). Pursuant to R.C. 2929.21(A), the court should be guided by the two overriding purposes of misdemeanor sentencing – protecting the public from future crime by the offender and others and punishing the offender. "To achieve those purposes, the sentencing court [must] consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). "From these purposes and principles, it follows that '[p]robationary conditions are to be related to the circumstances of the offense.' " *Bowser* at ¶ 13, quoting *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 16, citing *State v. Jones*, 49 Ohio St.3d 51, 550 N.E.2d 469 (1990).

{¶ 33} In determining an appropriate sentence, the trial court may consider information beyond that strictly related to the conviction offense, including the circumstances underlying the offense. *Id.* at ¶ 15. This is because the court is no longer concerned with the narrow issue of guilt. *Bowser* at ¶ 14; *State v. Wiles*, 2d Dist. Clark No. 2017-CA-69, 2018-Ohio-3077, ¶ 19. "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." *State v. Bodkins*, 2d Dist. Clark No. 2010-CA-38, 2011-Ohio-1274, ¶ 43; *Wiles* at ¶ 19.

{¶ 34} "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to

the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *State v. Chapman*, Ohio Slip Opinion No. 2020-Ohio-6730, __ N.E.3d __, ¶ 8 (addressing felony community control), citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 12. However, the trial court's discretion is not unlimited. *State v. McCaleb*, 2d Dist. Greene No. 05CA155, 2006-Ohio-4652, ¶ 47, citing *Jones* at 52. The condition cannot be unduly restrictive, unlawful, or unconstitutional. *Id.* Moreover, the length of community control sanctions cannot exceed five years. R.C. 2929.25(A)(2); *see State v. Snell*, 2d Dist. Clark No. 2018-CA-99, 2019-Ohio-2251, ¶ 10, ¶ 12 (indefinite nature of no-contact order violated R.C. 2929.25(A)(2)).

{¶ 35} We have found no authority permitting a trial court to order the forfeiture of firearms in the absence of statutory authority, and the parties have not directed us to any. To the contrary, as stated above, we have recognized that "the State's ability to seek forfeiture of property is created by statute." *Christian*, 2016-Ohio-516, 56 N.E.3d 391, at ¶ 31.

{¶ 36} Considering the information before the trial court at sentencing, including the underlying facts as stated in the presentence investigation report, we agree with the State that the trial court could have reasonably concluded that Poirier's possession of handguns should be restricted during the period of his community control. Poirier reportedly pointed a handgun at his girlfriend's head during the incident that led to his arrest, which he then resisted.

{¶ 37} However, a community control condition that precludes an offender from possessing or having access to handguns during the period of community control is different from a condition requiring the forfeiture of the handguns to the police department

for disposal. In the first instance, the offender could seek the return of the handguns upon successful completion of community control; in the second instance, the offender is permanently deprived of his or her property.

{¶ 38} The trial court's condition of community control that Poirier's handguns be remanded to the police department for disposal was contrary to R.C. Chapter 2981, and we conclude that the trial court's broad discretion to impose community control conditions did not constitute independent authority to order the forfeiture of Poirier's handguns. Accordingly, the trial court abused its discretion when it ordered Poirier's handguns to be remanded to the Miamisburg Police Department for disposal, and that condition must be vacated.

{¶ 39} Poirier's second assignment of error is sustained.

{¶ 40} We note that the trial court's online docket reflects that on February 2, 2021, the trial court found that Poirier had "abided by all the sanctions of community control previously imposed, and is rehabilitated to the extent that the community control period should be terminated." (By separate entry, the court waived two conditions of community control.) The trial court thus ordered the termination of Poirier's community control. Given that Poirier has completed his community control sentence, we conclude that it is no longer appropriate to remand for resentencing regarding Poirier's handguns. Rather, the matter must be remanded for reconsideration of Poirier's request for the return of his property.

### III. Conclusion

{¶ 41} The trial court's community control sanction requiring that Poirier's three handguns "be remanded to the arresting agency for disposal as it sees fit" will be vacated,

and the matter will be remanded for reconsideration of Poirier's request for the return of his property.   In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., concurs:

{¶ 42} I agree with the majority's opinion. I specifically agree that the trial court could issue and enforce a community control sanction that Poirier not be in possession of any firearms while he was under supervision. Furthermore, perhaps the State or the court could have made forfeiture of the handguns a condition of the plea agreement, but they did not. Poirier's community control was terminated by the court on February 2, 2021 without restriction.

{¶ 43} It appears inconsistent, and perhaps even dangerous to the victim, to return handguns to an individual who was accused of pointing a gun at her head during a violent encounter. Neither the State nor the Court took action to prevent eventual return of the handguns from happening.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Christopher C. Green
Hon. Michael W. Krumholtz